DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Brenda K. Daugherty, appeals the judgment in favor of Plaintiff/Appellees, Barbara Hamblin and Rebecca Shortt, in the Medina County Court of Common Pleas, Probate Division. We affirm.
 {¶ 2} LeRoy Brummert passed away on January 21, 2005. At his death, Brummert had three living daughters, Appellant Daugherty and Appellees Hamblin and Shortt. Prior to his death, Daugherty had cared for her father for extended periods from 2000 until his death in 2005. During this period, Brummert took the following actions: (1) named Daugherty as a beneficiary to four certificates of deposit held by Fifth Third Bank; and (2) purchased three annuities naming Daugherty as the beneficiary. Brummert also executed a new will to reflect that his wife had died and to name his brother as alternate executor. The will named all three daughters as equal beneficiaries. A transfer on death deed for real estate purportedly bearing Brummert's signature was also executed and dated November 3, 2001 ("deed"). The certificates of deposit, annuities, *Page 2 
deed, and the transactions related thereto, are hereinafter known as "the assets" and "the transactions," respectively.
 {¶ 3} As a result of the foregoing actions, Hamblin and Shortt filed identical complaints in the General Division and the Probate Division of the Medina County Court of Common Pleas alleging six claims: (1) breach of fiduciary duty; (2) undue influence; (3) intentional interference with inheritance; (4) fraud; (5) request for constructive trust to hold 2/3 of the assets for the benefit of Hamblin and Shortt; and (6) declaratory judgment that the assets were probate assets of the estate of Brummert. The two causes of action were consolidated for trial and were heard by a jury over which a judge from the probate division, who sat by assignment as a member of the general division, presided. The jury returned a verdict on counts 1 through 4 in favor of Hamblin and Shortt and awarded $65,500.00 on each of counts one, three, and four for a total award of $196,500.00. The jury also found that Daugherty had exercised undue influence over Brummert as alleged in count two, but did not award Hamblin and Shortt any damages on that claim. On December 4, 2006, the trial court entered judgment according to the jury's verdict and holding that Hamblin and Shortt's 5th and 6th counts were rendered moot. Daugherty appealed the judgment entry.
 {¶ 4} On November 5, 2007, this Court reversed the judgment in the trial court. Hamblin v. Daugherty, 9th Dist. Nos. 06CA0109-M, 06CA0112-M, 2007-Ohio-5893 ("Hamblin "). We held that the trial court should have dismissed the fraud claim because the complaint failed to state the claim with the specificity required by Civ. R. 9(B) and because Hamblin and Shortt "presented no evidence of the time, place or content of any false representation by [Daugherty] or failure to disclose on her part that led to" the transactions at issue. Id. at ¶ 23. We also held that the trial court should have dismissed the breach of fiduciary duty claim because the *Page 3 
complaint "failed to allege that [Daugherty] owed them a fiduciary duty." Id. at ¶ 26. We finally held that the probate division did not have jurisdiction to consider the intentional interference with inheritance claim and should have dismissed it. Id. at ¶ 29. We also held that there was not sufficient evidence presented on this claim before the general division because Hamblin and Shortt failed to exhaust their probate remedies so as to establish a required element of the claim, i.e., that they were damaged. Id. at ¶ 31-33. This Court then remanded the cause to trial court for proceedings consistent with our opinion. Id. at ¶ 35.
 {¶ 5} On December 7, 2007, Hamblin and Shortt filed a motion for declaratory judgment on remand. Although filed in general division, the caption listed both the probate division and general division case numbers and the motion asked the probate court to declare that the assets were part of Brummert's probate estate. On December 13, 2007, the trial court ordered Daugherty to respond to the motion by December 29, 2007, and scheduled a hearing for January 14, 2008. On December 28, 2007, Daugherty responded to the motion and Hamblin and Shortt replied on January 10, 2007. On February 4, 2008, the trial court entered judgment in favor of Hamblin and Shortt finding that Daugherty unduly influenced Brummert and ordered that the assets were to be part of Brummert's probate estate. On February 13, 2008, the trial court entered a nunc pro tunc judgment to attach an exhibit that was referenced but inadvertently excluded from the February 4, 2008 entry. Daugherty timely appealed and raised two assignments of error.
 Assignment of Error I "The trial court committed reversible error by granting [Hamblin and Shortt's] motion for declaratory judgment on remand."
 {¶ 6} In her first assignment of error, Daugherty argues that the trial court erred in granting Hamblin and Shortt's motion for declaratory judgment because: (1) the claim is *Page 4 
precluded by the doctrine of election of remedies; (2) the remedy is barred by the doctrine of collateral estoppel where the jury found undue influence but did not award any damages; and (3) neither exception to the mootness doctrine applies so as to revive the claim.
 {¶ 7} We initially note that Daugherty did not state in her brief the standard of review that this Court should utilize as required by Loc. R. 7(B)(7). Hamblin and Shortt urge us to review the trial court's judgment for an abuse of discretion. In Pierson v. Wheeland, 9th Dist. No. 23442,2007-Ohio-2474, we discussed our standard of review of a declaratory judgment. We stated:
 "`[A] determination as to the granting or denying of declaratory relief is one of degree. Although this court might agree or disagree with that determination, our decision must be whether such a determination is reasonable.' Bilyeu [v. Motorists Mut. Ins. Co. (1973), 36 Ohio St.2d 35, 37.
 "[T]he Ohio Supreme Court has recently reiterated that in the context of the dismissal of a declaratory action the proper standard of review is an abuse of discretion standard. See Mid-American Fire and Cas. Co. v. Heasley, 113 Ohio St.3d 133, 2007-Ohio-1248, at ¶ 13-14
(rejecting the argument that the dismissal of a declaratory action should be reviewed de novo and `reaffirm[ing] that declaratory judgment actions are to be reviewed under an abuse-of-discretion standard.'). However, Bilyeu and Heasley both discussed that the question of whether or not a declaratory action should be entertained is necessarily one of degree and therefore invokes the discretion of the trial court." Pierson at ¶ 9.
 {¶ 8} Thus, we will review the trial court's grant of declaratory judgment for an abuse of discretion. To establish an abuse of discretion, a party must show that the court's attitude is unreasonable, arbitrary or unconscionable and was not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} We begin by analyzing Daugherty's argument that the trial court erred in granting Hamblin and Shortt's motion for declaratory judgment because Hamblin and Shortt had already elected their remedy when they chose to pursue counts one through four. The Supreme Court of Ohio has held that, *Page 5 
 "[i]n order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment." Frederickson v. Nye (1924), 110 Ohio St. 459, paragraph two of the syllabus.
 {¶ 10} Moreover, "[a] plaintiffs choice of a fancied remedy which never existed and the futile pursuit of it because of a mistake as to the facts or the law, though the first action proceeds to judgment, does not preclude such plaintiff from thereafter invoking a proper remedy, in the absence of facts which create an estoppel." Norwood v. McDonald
(1943), 142 Ohio St. 299, paragraph eleven of the syllabus, overruled on other grounds (1995), 73 Ohio St.3d 379.
 {¶ 11} It is true that the trial court entered judgment on the first four counts of Hamblin and Shortt's complaint and therefore, found counts five and six moot. This Court reversed that decision as to counts one, three, and four, however, and Daugherty did not appeal the jury's finding as to count two. Thus, Hamblin and Shortt received no benefit and caused no detriment to Daugherty from its pursuit of counts one, three, and four. See, Frederickson, supra. Moreover, as discussed above, our reversal of these counts determined that these claims should have been dismissed because they were not properly pled and/or the trial court was without jurisdiction to determine them because of mistake as to facts or law. See, Norwood, supra. Thus, the doctrine of election of remedies in not applicable and the trial court did not err in granting declaratory judgment to Hamblin and Shortt for this reason.
 {¶ 12} Daugherty next argues that the trial court erred in granting declaratory judgment in favor of Hamblin and Shortt and ordering that the assets should be part of Brummert's estate.[1] *Page 6 
Daugherty concedes a finding by the jury that Daugherty unduly influenced Brummert but maintains that the jury awarded no damages and, thus, the trial court is precluded from doing so based on the doctrine of collateral estoppel (claim preclusion):
 "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." Schumacher v. Tabor (Dec. 27, 2000), 9th Dist. No. 20027, at *2.
 {¶ 13} Daugherty has not argued that a jury "in [a] prior action" determined the plaintiffs were not entitled to damages based on her undue influence over Brummert. Thus, Daugherty's argument is really a law of the case argument, as set forth in our discussion of Daugherty's second assignment of error. Regardless, the argument fails because the jury did not consider whether the assets should not be part of Brummert's estate.
 {¶ 14} In their complaint and motion for declaratory judgment on remand, Hamblin and Shortt asked the trial court to declare that the assets are probate assets of Brummert's estate. In count two, the undue influence claim, Hamblin and Shortt each sought money damages in an amount equal to one-third of Brummert's estate. In the judgment entry, the trial court declared that the assets were part of Brummert's estate as requested in the declaratory judgment claim based on its and the jury's finding that Daugherty unduly influenced Brummert. The trial court further ordered that the assets would be "subject to administration in the Estate of LeRoy Brummert in the Medina County Probate Court." The trial court did not award money damages in contravention of the jury's previous decision not to award such damages on the undue influence claim. The determination of whether to transfer the assets to Brummert's estate was not an issue considered by the jury. Accordingly, this Court did not review this measure of *Page 7 
damages in Hamblin I, and the law of the case doctrine does not prohibit the trial court from ordering the assets be part of Brummert's estate in the declaratory judgment action.
 {¶ 15} Daugherty finally argues that counts five and six remain moot and argues that there are only two exceptions to the mootness doctrine and neither is applicable here. It is not necessary for this Court to determine the applicability of either exception because our reversal inHamblin I negated the trial court's earlier finding that the declaratory judgment action was moot. As noted by the trial court, in its judgment entry after remand,
 "The Court finds that because the jury rendered verdicts for Plaintiffs on Counts I-IV at the end of the trial, and because the Court accepted those verdicts and entered judgment thereon, this Court found at that time it was not necessary to render any decision on Counts V and VI of the Complaint which had been pled in the alternative to Counts I-IV. Therefore, this Court expressly stated in its Judgment Entry dated December 4, 2006, that Counts V and VI were `moot.' By designating Counts V and VI to be moot, this Court meant that it was not necessary to decide those two Counts, and this Court expressly rejects any argument that this Court denied Counts V and VI in that Judgment Entry.
 "The Court now finds that with the Court of Appeals reversal of the jury's verdicts rendering money damages under Counts I, II, and IV, County VI is no longer moot and it is now necessary to decide Count VI." (Emphasis added).
Count six of the complaint sought an order of the court finding that the assets should be part of Brummert's probate estate "in the alternative to Counts One through Five[.]"
 {¶ 16} Daugherty has not cited any authority for the proposition that once a claim is rendered moot, it is permanently moot regardless of a reversal of the judgment that rendered the claim moot. No such rule of law exists. Moreover, Hamblin and Shortt revived their claim by motion. Ohio courts often consider previously moot claims after a reversal. See, e.g., Thompson v. Hartford Fire Ins. Co., 12th Dist. No. CA2002-11-285,2004-Ohio-281, at ¶ 46; Northern Ohio Patrolmen's Benevolent Assoc. v.City of Seven Hills (Oct. 11, 1979), 8th Dist. No. 39722, at *11. The trial court properly considered Count six of the complaint on remand. *Page 8 
 {¶ 17} Based on the foregoing, the trial court did not abuse its discretion in considering Hamblin and Shortt's motion for declaratory judgment on remand and Daugherty's first assignment of error is overruled.
 Assignment of Error II "The trial court committed reversible error in granting relief based on the finding that the transfer of all of [Brummert's] assets was the result of undue influence."
 {¶ 18} In her second assignment of error, Daugherty argues that the trial court's finding that she unduly influenced Brummert to enter into the transactions is not supported by the manifest weight of the evidence. We disagree because the jury found undue influence and Daugherty did not appeal that finding in Hamblin I. Thus, her claim here is barred by the law of the case.
 "`[U]nder [law of the case] doctrine, a reviewing court's decision [is] the law in the reviewed case for all legal questions and for all subsequent proceedings in the case. * * * [T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.' (Internal quotations and citations omitted.) State ex rel. Sharif v. McDonnell (2001), 91 Ohio St.3d 46, 47.
 "That is, when the trial court renders a decision on a particular issue, and that decision is both final and appealable, then following such appeal or waiver of appeal, the aggrieved party is precluded from resubmitting this same issue to the trial court in an effort to obtain a different result." Rehoreg v. Stoneco, Inc., 9th Dist. No. 04CA008481, 2005-Ohio-12, at ¶ 10.
 {¶ 19} It is undisputed that the jury found that Daugherty unduly influenced Brummert as alleged in count two of Hamblin and Shortt's complaint, which finding was not appealed in Hamblin I. Thus, Daugherty is precluded from arguing the issue of undue influence in this appeal. As noted in our discussion of Daugherty's first assignment of error, the trial court was permitted to grant the relief requested by Hamblin and Shortt in count six of their complaint, i.e., order the assets be part of Brummert's estate. *Page 9 
 {¶ 20} Daugherty's second assignment of error is overruled.
 {¶ 21} Each of Daugherty's assignments of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, P. J. CONCURS
[1] Daugherty does not challenge the trial court's determination that the assets should be part of Brummert's estate as an improper measure of damages in a declaratory judgment action.