BELMONT COUNTY SHERIFF, APPELLEE, *v.* FRATERNAL ORDER OF POLICE,

OHIO LABOR COUNCIL, INC., APPELLANT.

[Cite as *Belmont Cty. Sheriff v. Fraternal Order of Police, Ohio Labor Council, Inc.,* 104 Ohio St.3d 568, 2004-Ohio-7106.]

*Collective bargaining—Arbitration—Issue of arbitrability to be determined by arbitrator if agreement unmistakenly gives arbitrator that authority.*

(No. 2003-1947 — Submitted September 14, 2004 — Decided December 30, 2004.)

APPEAL from the Court of Appeals for Belmont County, No. 03 BE 8, 2003-Ohio-5154.

_____

SYLLABUS OF THE COURT

Where the parties to a collective-bargaining agreement have clearly and unmistakably vested the arbitrator with the authority to decide the issue of arbitrability, the question of whether a matter is arbitrable is to be decided by the arbitrator.

_____

O'DONNELL, J.

{¶ 1} The issue presented for our review in this appeal concerns the scope of the authority of an arbitrator to determine whether or not a grievance is arbitrable. After careful review of the facts as contained in the record presented to us and a review of applicable law, we have concluded that where the parties to a collective-bargaining agreement have clearly and unmistakably vested the arbitrator with the authority to decide the issue of arbitrability, the question of whether a matter is arbitrable is to be decided by the arbitrator.

**{¶ 2}** The facts of this case are generally not disputed and arise from the provisions of a collective-bargaining agreement that became effective November 11, 1999, between the Fraternal Order of Police and the Sheriff of Belmont County. Pursuant to that agreement, members of the Fraternal Order of Police filed a grievance alleging that the sheriff had failed to make required contributions to the Public Employees Retirement System on behalf of employees hired before April 1999 and asking that the sheriff make contributions for all service from their original hire dates.

**{¶ 3}** Following denial of that grievance, the Fraternal Order of Police filed for arbitration, which the sheriff opposed with a motion to dismiss, contending that the terms of the collective-bargaining agreement precluded the arbitrator from entertaining the matter. According to the arbitrator's opinion, the sheriff relied on the following provision of the agreement:

**{¶ 4}** "The arbitrator shall be without authority to recommend any right or relief on an alleged grievance occurring at any time other than the contract period in which such right originated or to make any award based on rights arising under any previous Agreement."

**{¶ 5}** The Fraternal Order of Police argued that its claim involved a continuing violation affecting long-term retirement benefits for those involved.

**{¶ 6}** The merits of that conflict are not before us in this appeal because the arbitrator held any ruling on the merits of that controversy in abeyance pending her consideration of the issue of arbitrability as stipulated by the parties: "Is the grievance arbitrable?"

**{¶ 7}** The arbitrator made an "interim award," deciding only that the grievance could be arbitrated and that the sheriff's motion to dismiss should be denied.

**{¶ 8}** The common pleas court granted the sheriff's application to vacate the arbitrator's award, and upon review, the court of appeals affirmed that determination.

**{¶ 9}** We granted discretionary review and concern ourselves with the authority of the arbitrator to decide the issue of arbitrability in accordance with the terms contained in a collective-bargaining agreement. The Fraternal Order of Police argues that the common pleas court improperly vacated the arbitrator's determination of arbitrability, since the collective-bargaining agreement granted the arbitrator the right to decide that issue.

**{¶ 10}** In *First Options of Chicago, Inc., v. Kaplan* (1995), 514 U.S. 938, 943,115 S.Ct. 1920, 131 L.Ed.2d 985, the court stated:

**{¶ 11}** "Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, see, *e.g., Mastrobuono v. Shearson Lehman Hutton, Inc., ante* [(1995), 514 U.S. 52] at 57 [115 S.Ct. 1212, 131 L.Ed.2d 76] ; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 [105 S.Ct. 3346, 87 L.Ed.2d 444] (1985), so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter. Did the parties agree to submit the arbitrability question itself to arbitration? If so, then the court's standard for reviewing the arbitrator's decision about *that* matter should not differ from the standard courts apply when they review any other matter that the parties have agreed to arbitrate. See *AT & T Technologies, Inc. v. Communications Workers [of Am.]*, 475 U.S. 643, 649 [106 S.Ct. 1415, 89 L.Ed.2d 648] (1986) (parties may agree to arbitrate arbitrability)* * *." (Emphasis sic.)

**{¶ 12}** Further, in *Council of Smaller Enterprises v. Gates, McDonald & Co.* (1998), 80 Ohio St.3d 661, 687 N.E.2d 1352, we cited *AT & T Technologies, Inc., v. Communications Workers of Am.* (1986), 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648, in which the United States Supreme Court summarized four

principles delineating a court's role in reviewing arbitration. Of particular interest is principle two:

{¶ 13} "The second principle is that 'the question of arbitrability — whether a[n] * * * agreement creates a duty for the parties to arbitrate the particular grievance — is undeniably an issue for judicial determination. *Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.*' *Id.* [*AT&T Technologies, Inc. v. Communications Workers of Am.* (1986)], 475 U.S. [643] at 649, 106 S.Ct. [1415] at 1418, 89 L.Ed.2d [648] at 655. " (Emphasis added.) *Council of Smaller Enterprises,* 80 Ohio St.3d at 666, 687 N.E.2d 1352.

{¶ 14} Accordingly, we next examine the provisions of the collective-bargaining agreement to determine the extent of agreement or lack thereof on the issue of arbitrability. Article 7, Section 3, states:

{¶ 15} "The question of arbitrability of a grievance may be raised by either party before the arbitration hearing of the grievance, on the grounds that the matter is non-arbitrable or beyond the arbitrator's jurisdiction. *The first question to be placed before the arbitrator will be whether or not the alleged grievance is arbitrable.* If the arbitrator determines the grievance is within the purview of arbitrability, the alleged grievance will be heard on its merits before the same arbitrator." (Emphasis added.)

{¶ 16} In this instance, then, the collective-bargaining agreement clearly and unmistakably places the question of arbitrability before the arbitrator for determination. Hence, there can be no dispute with regard to what authority the parties have granted the arbitrator.

{¶ 17} Finally, we note that in *Fraternal Order of Police, Ohio Labor Council, Inc. v. Umpleby* (Feb. 12, 1996), 5th Dist. No. 1995 CA 00196, 1996 WL 74031, the court examined an identical collective-bargaining provision and concluded that the trial court erred by vacating the arbitrator's determination of

arbitrability because the collective-bargaining agreement granted the arbitrator the power to make that decision.

**{¶ 18}** In this case, we have concluded that Article 7 of the collective-bargaining agreement empowers the arbitrator to determine the issue of arbitrability because the parties have clearly and unmistakably provided for the arbitrator to hear that matter. Where the parties to a collective-bargaining agreement have clearly and unmistakably vested the arbitrator with the authority to decide the issue of arbitrability, the question of whether a matter is arbitrable is to be decided by the arbitrator. Therefore, the judgment of the court of appeals is hereby reversed, and the matter is remanded for further proceedings in accordance with this decision.

Judgment reversed

and cause remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

_____

Paul L. Cox, Douglas J. Behringer and Gwen Callender, for appellant.

_____