[Cite as *Pappas v. Richmond Towers, L.L.C.*, 2011-Ohio-5249.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94558**

## GEORGE E. PAPPAS, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## RICHMOND TOWERS LLC, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:
REVERSED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-704863

**BEFORE:** Jones, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 13, 2011

**ATTORNEYS FOR APPELLANTS**

Keith A. Vanderburg
Heather Ross
Wegman, Hessler & Vanderburg
6055 Rockside Woods Blvd.
Suite 200
Cleveland, Ohio 44131


**ATTORNEYS FOR APPELLEES**

Andrew S. Goldwasser
Phillip A. Ciano
Carrie M. Dunn
Ciano & Goldwasser, LLP
1610 Prospect Avenue, West
Cleveland, Ohio 44115

LARRY A. JONES, J.:

{¶ 1} Plaintiff-appellant, George Pappas, appeals the trial court's granting of defendants-appellees', Richmond Towers, LLC, and Kenneth Ippolito (collectively referred to as "Ippolito"), motion to dismiss.[1] Finding some merit to the appeal, we reverse.

{¶ 2} In 2002, Pappas purchased the Richmond Towers apartment building in Euclid, Ohio from Ippolito. The purchase agreement for the property included an arbitration agreement. In 2003, Pappas filed suit against Ippolito asserting various claims in relation to the sale.[2] After extensive discovery had begun, the trial court denied both

---

[1] Plaintiff 25400 Euclid Ave., LLC is not a party to this appeal.

[2] Pappas also filed suit against the Towers' property manager, Debbie Piunno; she is not a

parties' request for arbitration. Ippolito subsequently moved for summary judgment, which the trial court granted. Pappas appealed, but this court affirmed the trial court's judgment. *Pappas v. Ippolito*, 177 Ohio App.3d 625, 2008-Ohio-3976, 895 N.E.2d 610.

**{¶ 3}** Subsequent to the appeal, Ippolito demanded attorney's fees and litigation costs from Pappas, arguing that the purchase agreement expressly provided for recovery. Pappas refused to pay and Ippolito filed a demand for arbitration with the American Arbitration Association ("AAA"). The demand asked the AAA to determine whether Ippolito was entitled to recover attorney's fees and expenses from the first lawsuit.

**{¶ 4}** In September 2009, Pappas filed an action in common pleas court seeking a preliminary and permanent injunction to enjoin the AAA from hearing the matter. Ippolito moved to dismiss the complaint for a lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1), arguing that the trial court did not have jurisdiction over the parties' dispute because the claims were subject to arbitration under the purchase agreement. The trial court granted Ippolito's Civ.R. 12(B)(1) motion to dismiss.

**{¶ 5}** Pappas now appeals, raising the following assignments of error for our review:

> "I. The trial court erred in failing to exercise subject matter jurisdiction over the underlying action, as the parties had waived their right to arbitration.
>
> "II. The trial court erred, as a matter of law, in failing to deem the underlying action res judicata, and therefore award appellants a preliminary injunction.
>
> "III. The trial court erred when it determined that the parties submitted to the

party to this appeal.

rules of the American Arbitration Association."

## Standard of Review

**{¶ 6}** In the first assignment of error, Pappas argues that the trial court had jurisdiction over his claims because the parties waived their right to arbitration in the first lawsuit. That waiver, he argued, extended to Ippolito's claims for attorney's fees and litigation costs. We need not consider Pappas's argument, however, because we find, for different reasons, that the trial court had jurisdiction over the case and erred in granting Ippolito's motion to dismiss for lack of subject matter jurisdiction.

**{¶ 7}** We apply a de novo standard of review to the trial court's granting of a motion to dismiss under Civ.R. 12(B)(1) for lack of subject matter jurisdiction. *Internatl. Total Serv., Inc. v. Garlitz*, Cuyahoga App. No. 90441, 2008-Ohio-3680, ¶6, citing *Dzina v. Avera Internatl. Corp.*, Cuyahoga App. No. 86583, 2006-Ohio-1363, and *Madigan v. Cleveland*, Cuyahoga App. No. 93367, 2010-Ohio-1213, ¶20, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, Cuyahoga App. No. 85467, 2005-Ohio-5985.

## Arbitration

**{¶ 8}** We find the Seventh Appellate District's decision in *Taylor Winfield Corp. v. Winner Steel, Inc.*, Mahoning App. No. 05MA191, 2006-Ohio-4608, to be particularly instructive. In *Taylor Winfield*, the trial court dismissed a case pursuant to a Civ.R.

12(B)(1) motion because the issues in dispute were subject to an arbitration provision in a contract between the parties. The appellate court found error and reversed, holding that the trial court had jurisdiction over the case. The appellate court noted that "courts of common pleas have original jurisdiction over most civil matters and that jurisdiction is not affected by the fact that certain issues are subject to arbitration. If there are issues in an action which are subject to arbitration, a party can move that the trial court stay trial and refer those issues to arbitration." Id. at ¶1.

{¶ 9} "With certain exceptions, 'the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the decisions of boards of county commissioners.' R.C. 2305.01. * * * R.C. 2305.01 does not strip a court of common pleas of jurisdiction if a dispute is subject to arbitration. Accordingly, a court of common pleas has subject matter jurisdiction over a dispute, even if that dispute is subject to an arbitration agreement. Id. at ¶7.

{¶ 10} "R.C. Chapter 2711, which deals with arbitration, supports this conclusion. That Chapter contemplates that a party may bring an action, even if the issues involved are subject to arbitration. For example, R.C. 2711.02(B) provides:

> 'If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.'

{¶ 11} "Thus, according to the explicit language in the Revised Code, if a court

determines that the issues within an action are subject to arbitration, then, on application of one of the parties, it must stay proceedings pending arbitration." Id. at ¶8 -10. The Seventh District concluded "[t]he fact that the dispute may be subject to arbitration does not divest the trial court of that jurisdiction. Instead, the trial court should have stayed proceedings pending arbitration upon a proper motion under R.C. 2711.02(B)." Id. at ¶14.

{¶ 12} The trial court in the instant case based its decision on *von Arras v. Columbus Radiology Corp.*, Franklin App. No. 04AP-934, 2005-Ohio-2562, in which the appellate court found that the parties explicit incorporation of the AAA rules into the contract served as clear evidence of the parties' intent to delegate the issue of arbitrability to an arbitrator. The trial court in this case noted that the contract also explicitly incorporated the rules of the AAA. But *von Arras* dealt with the trial court's grant of a motion to stay pending arbitration; not with a dismissal pursuant to Civ.R. 12(B)(1). The moving party in *von Arras* had argued that the arbitration clause should not be enforced claiming the arbitrator did not have the authority to decide public policy; it was not claiming the trial court did not have subject matter jurisdiction. Thus, the decision in *von Arras* did not affect the court's jurisdiction; the court *had* jurisdiction over the parties' claims, it just decided to stay the case pending arbitration.

{¶ 13} In arguing that the trial court does not have jurisdiction, Ippolito relies on the Ohio Supreme Court's decision in *Belmont Cty. Sheriff v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 104 Ohio St.3d 568, 2004-Ohio-7106, 820 N.E.2d 918, in which the

Court held, "[w]here the parties to a collective-bargaining agreement have clearly and unmistakably vested the arbitrator with the authority to decide the issue of arbitrability, the question of whether a matter is arbitrable is to be decided by the arbitrator."  Id. at syllabus.  Ippolito also relies on *Union Twp., Clermont Cty. v. Union Twp. Professional Firefighters' Local 3412* (2001), 142 Ohio App.3d 542, 756 N.E.2d 204, where the court found that the trial court correctly dismissed the case for lack of subject matter jurisdiction because the parties' agreement expressly provided that the arbitrator would determine arbitrability.

{¶ 14} But both *Belmont* and *Union Twp.* dealt with contracts that expressly provided for the arbitrator to determine its own jurisdiction over a case.  In fact, the *Belmont* Court highlighted the concept that  "'the question of arbitrability – whether a[n] * * * agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination.  Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.'"  Id. at 570, citing *Council of Smaller Enterprises v. Gates, McDonald & Co.* (1998), 80 Ohio St.3d 661, 666, 687 N.E.2d 1352. Thus, the Court noted, a court must look to the contract "itself to determine the extent of agreement or lack thereof on the issue of arbitrability."  *Belmont* at id.

{¶ 15} We now turn to the case at bar.  Paragraph 23 of the purchase agreement is germane to this appeal and states as follows:

> "ARBITRATION OF DISPUTES:   If a controversy arises out of this Agreement * * * or the transaction contemplated herein, Buyer, Seller and Agent agree that such

controversy shall be settled by final, binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof. In determining any question, matter or dispute, the arbitrator(s) shall apply the provisions of this Agreement without varying therefrom, and shall not have the power to add to, modify, or change any of the provisions hereof. Notwithstanding anything to the contrary herein, Agent may initiate a judicial action to the extent necessary to perfect and enforce its lien rights."

{¶ 16} In the case at bar, Ippolito contends that the trial court did not have subject matter jurisdiction pursuant to AAA Rule 7, which provides in part that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction," and "[t]he arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part." AAA Rule 7(a), (b). While these rules do vest the arbitrator with power to determine the arbitrability of a matter, we disagree with Ippolito's contention that the arbitration clause in the purchase agreement includes any dispute relating to the arbitrability alleged in the complaint and, thus, the arbitrator, not the trial court, is the only one who may determine whether the claim is arbitrable. The language in *Belmont* is unambiguous. The question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator, unless the parties clearly and unmistakably provide otherwise. In this case, the arbitration clause is silent as to jurisdiction.

{¶ 17} Thus, the trial court had jurisdiction over Pappas's claims and the trial court erred when it found that it did not. The parties' dispute may be subject to arbitration, but that does not divest the trial court of jurisdiction. Instead, the trial court may decide to stay proceedings pending arbitration if a proper motion is filed pursuant to R.C.

2711.02(B).

{¶ 18} Pappas's first assignment of error is sustained. Based on our disposition of the first assignment of error, the other assignments of error are moot. See App.R. 12(A)(1)(c).

{¶ 19} Accordingly, judgment reversed and case remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellees his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR