[Cite as *Perry Twp. Bd. of Trustees v. Fraternal Order of Police*, 2011-Ohio-6148.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PERRY TOWNSHIP BOARD OF TRUSTEES, | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant, | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 2011CA00092 |
| FRATERNAL ORDER OF POLICE, | : | |
| OHIO LABOR COUNCIL, et al., | : | |
| | : | |
| | : | |
| Defendants-Appellees, | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                             Common Pleas, Case No. 2011CV00261

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      November 21, 2011

APPEARANCES:

For Appellant:                    For Appellees:

CHARLES D. HALL, III              MICHAEL W. PIOTROWSKI
610 Market Ave. N.                2721 Manchester Rd.
Canton, OH 44702                  Akron, OH 44319

*Delaney, J.*

{¶ 1} Plaintiff-Appellant Perry Township Board of Trustees appeals the March 22, 2011 judgment entry of the Stark County Court of Common Pleas ordering this matter to arbitration. Defendants-Appellees are the Fraternal Order of Police, Ohio Labor Council, Inc. and Sergeant Donald C. Berkey.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellant Perry Township Board of Trustees entered into a Collective Bargaining Agreement ("CBA") with Appellees the Fraternal Order of Police and Ohio Labor Council, Inc. ("Union"). The CBA in this case is applicable to the Perry Township Police Sergeants.

{¶ 3} On May 4, 2010, the Trustees created the new position of Deputy Chief of Police within the Perry Township Police Department. Shortly thereafter, the Trustees appointed Patrol Officer Brian Carbenia to the position of Deputy Chief of Police.

{¶ 4} Appellee Sergeant Donald Berkey of the Perry Township Police Department filed a grievance asserting a breach of the CBA under Article 20, Section 20.1, and Section 20.2. Article 20, Section 20.1, and Section 20.2 state as follows:

{¶ 5} "**ARTICLE 20**

{¶ 6} "**PROMOTIONAL EXAMS**

{¶ 7} "**Section 20.1** Should the Employer [Perry Township Board of Trustees] determine to create a new position of rank (i.e., Lieutenant or other rank, superior to that of Sergeant and subordinate to that of Chief of Police) said position shall be filled by internal promotion. Applicants shall have no less than five (5) years full-time

employment as a commissioned police officer with the Employer to include no less than one (1) year in a supervisory position with Employer. If no qualified applicants are available from within the existing Employer's employees, the Employer may fill the position by way of a new hire.

{¶ 8} "**Section 20.2** Promotions to such vacancy shall be by objective, competitive examination from a reputable test preparer agency, such as but not limited to Case Western Reserve University. Bargaining unit members who participate in the competitive examination shall receive one (1) additional bonus point for each year of completed service with the Employer not to exceed a total of twenty (20) bonus points. Promotional examination results shall be active for a period of twenty-four (24) months following the publication of results of the examination."

{¶ 9} The Trustees denied Sgt. Berkey's grievance. They determined the claims were not subject to the grievance procedure, the claims were outside the scope of the CBA, and the position of Deputy Chief of Police was excluded from the CBA because it was a management level position. Sgt. Berkey and the Union demanded to proceed to arbitration and sought a panel of arbitrators from the Federal Mediation and Conciliation Service. The Trustees notified Sgt. Berkey and the Union that they would not participate in arbitration.

{¶ 10}     On January 21, 2011, the Trustees filed a Complaint with the Stark County Court of Common Pleas seeking declaratory judgment that the creation of the Deputy Chief of Police position and the appointment of Brian Carbenia to the position by the Trustees was outside the scope of the CBA and therefore not subject to arbitration. The Trustees served a Request for Admissions upon the Sgt. Berkey

and the Union.    The Trustees also took the depositions of Sgt. Berkey and Sgt. Hamilton.  Sgt. Berkey and Sgt. Hamilton were the only two sergeants within the Perry Township Police Department who would be eligible to take a promotional exam under Article 20.  Sgt. Hamilton testified that he was not interested in the Deputy Chief position because it was not a union position.  Sgt. Berkey testified he would have liked an opportunity to test for the position, but did not know if he was interested in the position.

{¶ 11}    Sgt. Berkey and the Union filed a Motion to Compel Arbitration and sought to stay the case.  The matter came on for oral hearing on March 14, 2011.  On March 22, 2011, the trial court granted the Motion to Compel Arbitration and stayed the proceedings.

{¶ 12}    It is from this decision the Trustees now appeal.

{¶ 13}    The Trustees raise two Assignments of Error:

{¶ 14}    "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED THE PARTIES TO ARBITRATION.

{¶ 15}    "II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ORDERED THE PARTIES TO ENGAGE IN A VAIN ACT."

**I.**

{¶ 16}    The Trustees argue in their first Assignment of Error the trial court erred in granting the Motion to Compel Arbitration.  We disagree.

{¶ 17}    The issue is whether the dispute between the parties is subject to arbitration.  The Trustees argue the question of arbitrability is an issue for judicial determination.  Sgt. Berkey and the Union point this Court to Article 18 of the CBA to

state the parties agreed the arbitrator had authority to determine the issue of arbitrability.

{¶ 18}    Article 18, Section 18.1 of the CBA defines a "grievance" as "any allegation by a bargaining unit employee, or the Union that there has been a breach, misinterpretation, or improper application of this Agreement."

{¶ 19}    Article 18, Section 18.7 states in pertinent part:

{¶ 20}    "The question of arbitrability of a grievance may be raised by either party before the arbitration hearing of the grievance on the grounds that the matter is non-arbitrable or beyond the arbitrator's jurisdiction.  The first question to be placed before the arbitrator will be whether or not the grievance is arbitrable.  If the arbitrator determines the grievance is within the purview of arbitrability, the grievance will be heard on its merits before the same arbitrator."

{¶ 21}    We agree with the position of Sgt. Berkey and the Union that the CBA in this case empowers the arbitrator to determine the issue of arbitrability.  This exact issue was presented to the Ohio Supreme Court in *Belmont Cty. Sheriff v. Fraternal Order of Police*, Ohio Labor Council, Inc., 104 Ohio St.3d 568, 2004-Ohio-7106, 820 N.E.2d 918.  In that case, the Ohio Supreme Court reviewed a grievance between the Fraternal Order of Police and the Sheriff of Belmont County regarding contributions to the Public Employees Retirement System.  The matter was presented to the arbitrator pursuant to the terms of the collective bargaining agreement and the arbitrator made an "interim award," finding only that the grievance could be arbitrated. The Sheriff went to the common pleas court, which granted the Sheriff's application to vacate the arbitrator's award and the court of appeals affirmed.

{¶ 22}      The issue on appeal before the Supreme Court was the scope of authority of an arbitrator to determine whether or not a grievance is arbitrable.  Id. at ¶1.  The Court first reviewed the applicable law:

{¶ 23}      "In *First Options of Chicago, Inc. v. Kaplan* (1995), 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985, the court stated:

{¶ 24}      "'Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, see, *e.g., Mastrobuono v. Shearson Lehman Hutton, Inc., ante* [(1995), 514 U.S. 52] at 57 [115 S.Ct. 1212, 131 L.Ed.2d 76]; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 [105 S.Ct. 3346, 87 L.Ed.2d 444] (1985), so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter. Did the parties agree to submit the arbitrability question itself to arbitration?  If so, then the court's standard for reviewing the arbitrator's decision about *that* matter should not differ from the standard courts apply when they review any other matter that the parties have agreed to arbitrate.  See *AT & T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 649 [106 S.Ct. 1415, 89 L.Ed.2d 648] (1986) (parties may agree to arbitrate arbitrability)* * *.'  (Emphasis sic.)

{¶ 25}      "Further, in *Council of Smaller Enterprises v. Gates, McDonald & Co.* (1998), 80 Ohio St.3d 661, 687 N.E.2d 1352, we cited *AT & T Technologies, Inc. v. Communications Workers of Am.* (1986), 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648, in which the United States Supreme Court summarized four principles delineating a court's role in reviewing arbitration.  Of particular interest is principle two:

{¶ 26}        "'The second principle is that 'the question of arbitrability-whether a[n] *** agreement creates a duty for the parties to arbitrate the particular grievance-is undeniably an issue for judicial determination.  *Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.'*  Id. [*AT & T Technologies, Inc. v. Communications Workers of Am.* (1986)], 475 U.S. [643] at 649, 106 S.Ct. [1415] at 1418, 89 L.Ed.2d [648] at 655.'  (Emphasis added.)  *Council of Smaller Enterprises,* 80 Ohio St.3d at 666, 687 N.E.2d 1352."  Id. at ¶10-13.

{¶ 27}        The Supreme Court next reviewed the relevant provision of the collective bargaining agreement in question.  It contained the following language:

{¶ 28}        "The question of arbitrability of a grievance may be raised by either party before the arbitration hearing of the grievance, on the grounds that the matter is non-arbitrable or beyond the arbitrator's jurisdiction.  *The first question to be placed before the arbitrator will be whether or not the alleged grievance is arbitrable.*  If the arbitrator determines the grievance is within the purview of arbitrability, the alleged grievance will be heard on its merits before the same arbitrator.  (Emphasis added)."  Id. at ¶15.

{¶ 29}        The Court found the collective bargaining agreement clearly and unmistakably placed the question of arbitrability before the arbitrator for determination.  It therefore held:

{¶ 30}        "Where the parties to a collective-bargaining agreement have clearly and unmistakably vested the arbitrator with the authority to decide the issue of

arbitrability, the question of whether a matter is arbitrable is to be decided by the arbitrator." Id. at syllabus.

{¶ 31}     In support of its holding, the Court further relied on this Court's decision in *Fraternal Order of Police, Ohio Labor Council, Inc. v. Umpleby* (Feb. 12, 1996), Stark App. No. 1995CA00196.   In that case, we examined an identical collective bargaining provision and held the trial court erred by vacating the arbitrator's determination of arbitrability because the collective bargaining agreement granted the arbitrator the power to make that decision.  Id. at ¶17.

{¶ 32}     The CBA in the present case contains the identical provision as that analyzed in *Belmont County Sheriff*, supra and *Fraternal Order of Police, Ohio Labor Council, Inc. v. Umpleby*, supra.  Accordingly, we find pursuant to the clear and unmistakable language of the CBA vesting the arbitrator with the authority to decide the issue of arbitrability, the question of whether the grievance regarding the creation and appointment of the Deputy Chief of Police position is arbitrable is to be decided by the arbitrator.  The trial court did not err in granting the motion to compel arbitration.

{¶ 33}     The Trustees' first Assignment of Error is overruled.

## II.

{¶ 34}     The Trustees argue in their second Assignment of Error that the trial court erred in ordering the parties to arbitration because it would be a vain act. Based on our disposition of the first Assignment of Error, we decline to address the second Assignment of Error.

The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER

[Cite as *Perry Twp. Bd. of Trustees v. Fraternal Order of Police*, 2011-Ohio-6148.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PERRY TOWNSHIP BOARD OF TRUSTEES, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| FRATERNAL ORDER OF POLICE, | : | |
| OHIO LABOR COUNCIL, et al., | : | |
| | : | |
| | : | Case No. 2011CA00092 |
| Defendants-Appellees. | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER