[Cite as *Summit Constr. Co., Inc. v. L.L.F.J.A.O., L.L.C.*, 2012-Ohio-568.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| SUMMIT CONSTRUCTION CO., INC. | C.A. No.     25621 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| L.L.F.J.A.O., LLC | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.     CV 2009 07 5679 |

DECISION AND JOURNAL ENTRY

Dated: February 15, 2012

MOORE, Judge.

{¶1}   Appellant, Summit Construction Co., Inc., appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}   In June 2004, Appellant Summit Construction Co., Inc. entered into an agreement with Appellee L.L.F.J.A.O., LLC to be the general contractor for L.L.F.J.A.O.'s project to build a hotel in the Akron area. The contract was the American Institute of Architects' ("AIA") Standard Form Agreement Between Owner and Contractor.

{¶3}   The parties' contract contained provisions agreeing that a dispute between the two would ultimately culminate in arbitration. The contract incorporated AIA Document A201, entitled "General Conditions of the Contract for Construction" which provided that claims arising between the parties were to be submitted to arbitration.

{¶4} The project was completed and final payment was made to Summit Construction on March 27, 2006. However, L.L.F.J.A.O. subsequently noticed several defects in the hotel, which it attributed to the work done by Summit Construction. A settlement agreement was reached between the two parties and a release was executed in March 2006. On September 6, 2007, L.L.F.J.A.O. filed a demand for arbitration with the American Arbitration Association.

{¶5} On July 31, 2009, Summit Construction filed for declaratory judgment seeking judicial determination of the legal effect of the release in the settlement agreement. It also requested a temporary restraining order and preliminary injunction enjoining the parties from proceeding to an arbitration hearing on August 5, 2009. The trial court issued the temporary restraining order, and held a hearing on the application for a preliminary injunction. On September 1, 2009, the trial court denied Summit Construction's request for a preliminary injunction. The trial court found that the underlying declaratory judgment action was suitable for determination upon briefs. The parties submitted briefs by October 30, 2009.

{¶6} On September 10, 2010, the trial court issued a decision denying Summit Construction's request for a declaratory judgment and dismissing the case. The trial court found "as a matter of law that 'the rights, duties, and obligations of the parties' under the Settlement Agreement and Release, as well as the scope of the Settlement Agreement and Release, are matters subject to arbitration and the arbitrator's findings."

{¶7} Summit Construction timely filed a notice of appeal and raises one assignment of error for our review.

II.

**<u>ASSIGNMENT OF ERROR</u>**

THE TRIAL COURT ERRED IN HOLDING THAT THE ARBITRATOR, NOT THE TRIAL COURT, SHOULD DETERMINE WHETHER L.L.F.J.A.O., LLC RELEASED ITS CLAIMS AGAINST SUMMIT CONSTRUCTION CO., INC.

**{¶8}** In its sole assignment of error, Summit Construction argues that the trial court erred in holding that the arbitrator, rather than the trial court, should determine whether L.L.F.J.A.O. released its claims against Summit Construction. We disagree.

**{¶9}** "A declaratory judgment action allows a court of record to declare the rights, status, and other legal relations of the parties whether or not any further relief is or could be claimed. Civ.R. 57 and R.C. 2721.01 et seq." *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, ¶ 26 (3d Dist.). Factual determinations made in a declaratory-judgment action are reviewed under an abuse-of-discretion standard. *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 14; *Hamblin v. Daugherty*, 9th Dist. No. 08CA0009-M, 2008-Ohio-5306, ¶ 7-8. However, to the extent that the court is required to interpret contract provisions, that interpretation presents a question of law that we review de novo. *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, ¶ 9, citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107 (1995). *See also Lewanski Dev., L.L.C. v. HD Strongsville Portfolio, L.P.*, 194 Ohio App.3d 372, 2011-Ohio-3055, ¶ 20 (8th Dist.).

**{¶10}** "In examining an arbitration clause, a court must be cognizant of the strong presumption in favor of arbitrability, and any doubts should be resolved in favor of coverage under the arbitration clause." *Dept. of Adm. Servs. v. Moody/Nolan Ltd., Inc.*, 10th Dist. No. 00AP-336, 2000 WL 1808330 (Dec. 12, 2000), citing *Sasaki v. McKinnon*, 124 Ohio App.3d

613, 616-617 (8th Dist.1997), quoting *Didado v. Lamson & Sessions Co.*, 81 Ohio App.3d 302, 304 (9th Dist.1992). The Ohio Revised Code provides that:

> A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

R.C. 2711.01(A).

**{¶11}** Initially, we acknowledge that the dissent views Summit Construction's action for declaratory judgment as more akin to a motion to enforce the settlement agreement. However, Summit Construction did not seek such by moving the court below, and its assignment of error on appeal does not frame the issue in that way. We are guided by the steps taken below, and by the fact that Summit Construction did not frame its assignment of error in terms of error in the trial court by failing to enforce the settlement agreement. We have consistently stated that an appellant's assignment of error provides a roadmap for this Court, and directs our analysis of the trial court's judgment. *See* App.R. 16. Particularly when a party is represented by legal counsel below and on appeal, we give the appellant the opportunity to direct the way they wish to address their appeal. *See Greenlaw v. United States*, 554 U.S. 237, 244 (2008) ("[I]n both civil and criminal cases, in the first instance and on appeal, [courts] follow the principle of party presentation," i.e., the parties "frame the issues for decision" and the courts generally serve as "neutral arbiter[s] of matters the parties present."). This case should be no different.

**{¶12}** As a result, we must determine whether the arbitration of legal defenses falls within the scope of the arbitration provisions. Summit Construction concedes that

L.L.F.J.A.O.'s claims are subject to arbitration. It argues, however, that a prior settlement agreement included a release that was mutual and extinguished all future claims arising from this project. It filed for declaratory judgment seeking judicial determination of the legal effect of the release in the settlement agreement. The trial court concluded that whether the release was mutual was an issue for the arbitrator to decide because "[t]he parties empowered the arbitrator to determine the claim and merits of their contractual agreement."

{¶13} "The issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide." *Ohio Patrolman's Benevolent Assn. v. Munroe Falls*, 9th Dist. No. 23898, 2008-Ohio-659, ¶ 13, citing *Stringer v. Ultimate Warranty Corp.*, 161 Ohio App.3d 122, 2005-Ohio-2595, ¶ 9 (5th Dist.), quoting *Gaffney v. Powell*, 107 Ohio App.3d 315, 319 (5th Dist.1995). However, "[w]here the parties to a collective-bargaining agreement have clearly and unmistakably vested the arbitrator with the authority to decide the issue of arbitrability, the question of whether a matter is arbitrable is to be decided by the arbitrator." *Pappas v. Richmond Towers, L.L.C.*, 8th Dist. No. 94558, 2011-Ohio-5249, ¶ 13, quoting *Belmont Cty. Sheriff v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 104 Ohio St.3d 568, 2004-Ohio-7106, syllabus. Any doubt as to arbitrability of an issue should be resolved in favor of arbitration. *Gibbons-Grable Co. v. Gilbane Bldg. Co.*, 34 Ohio App.3d 170, 173 (8th Dist.1986).

{¶14} There are two types of arbitration clauses: (1) unlimited clauses providing for arbitration of all disputes arising out of a contract; and (2) limiting clauses providing for arbitration of a specific type of dispute arising out of a contract. *Didado*, 81 Ohio App.3d at 304. In the present case, the agreement contains an unlimited clause. Paragraph 9.1.1 of Article 9 of the agreement provides that "[c]laims, disputes or other matters in question between the parties

to this Agreement which arise prior to the commencement of the Construction Phase * * * shall be resolved by mediation or by arbitration." Paragraph 9.2.1 further provides that "[a]ny other claim, dispute or other matter in question arising out of or related to this Agreement or breach thereof shall be settled in accordance with Article 4 of AIA Document A201[.]" Pursuant to section 4.4.1 of Article 4 of AIA Document A201, the parties were to submit their dispute to the architect, and after the initial decision, the claim would be subject to mediation as a condition precedent to arbitration. After an effort was made in mediation, the claim was subject to arbitration. Section 4.6.2 expressly provided that the claims "shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect."

{¶15} The language "[a]ny other claim, dispute or other matter in question arising out of or related to this Agreement or breach thereof" shows the parties' intent to broadly define the arbitration clause. "The existence of a contract containing such a broad arbitration agreement creates a presumption that the parties agreed to arbitrate all disputes unless expressly excluded or unless there exists the most forceful evidence of a purpose to exclude the claim from arbitration." *Dept. of Adm. Servs.*, supra, at *3, citing *Internatl. Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local Union 20 v. Toledo*, 48 Ohio App.3d 11, 13 (6th Dist.1988).

{¶16} In *Dept. of Adm. Servs. v. Moody/Nolan Ltd., Inc.*, the appellant sought declaratory relief and requested that the trial court decide the legal defenses raised by the appellees. The arbitration clause in that case provided that "[c]laims, disputes or other matters in question between parties to this Agreement arising out of or relating to this Agreement or the breach thereof, shall be subject to and decided by arbitration in accordance with the Construction

Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise." *Id.* at *3. The trial court concluded that the arbitrators should determine the legal defenses raised by the appellees. The Tenth District affirmed and concluded that the broad arbitration clause demonstrated "that the parties agreed to arbitrate all disputes arising out of the agreement" and that it was "clear that the defenses raised by [the appellees] all [arose] from the contractual agreement. *Id.* Further, there [was] no provision in the agreement excluding any issue from arbitration, and the record does not contain any other evidence of a specific purpose to exclude disputes regarding defenses that may potentially preclude further arbitration of the merits of the dispute." *Id.*

{¶17} The arbitration clause here contains similarly broad language, and also incorporates the Construction Industry Arbitration Rules of the American Arbitration Association. Rule 9 of the Arbitration Rules provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." This is evidence that the parties "clearly and unmistakably vested the arbitrator with the authority to decide the issue of arbitrability[.]" *Pappas* at ¶ 13, quoting *Belmont Cty. Sheriff* at syllabus. *See also Cheney v. Sears, Roebuck and Co.*, 10th Dist. No. 04AP-1354, 2005-Ohio- 3283 ("The arbitrator, pursuant to the arbitration clause, has the authority to determine which of the claims are within the scope of the arbitration clause itself."); *Haddock v. Quinn*, 287 S.W.3d 158, 172 (Tex.App.2009) ("The majority of courts have concluded that express incorporation of rules empowering the arbitrator to determine arbitrability (including ruling upon his or her own jurisdiction) clearly and unmistakably evidences the parties' intent to delegate issues of arbitrability to the arbitrator."). As such, it was proper for the trial court to conclude that the arbitrator should determine whether the release was

mutual. *See also Roberts v. Bank of Am. NT & SA*, 107 Ohio App.3d 301, 306 (10th Dist.1995) (concluding that arbitration clause was broad enough to require arbitration of plaintiff's defense of lack of consideration).

{¶18} Summit Construction argues that *Ohio Patrolman's Benevolent Assn. v. Munroe Falls*, 9th Dist. No. 23898, 2008-Ohio-659, ¶ 13, requires that "the court, not the arbitrator, determine if there is a valid legal defense, that is, the Release, that prevents the case from being submitted to arbitration." There, we concluded that "[t]he issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide." *Id.* at ¶ 13. In that case, a dispute arose from a police officers' collective bargaining agreement. No argument was made that the arbitration agreement expressly provided that the arbitrator was to determine such issues. The facts do not indicate that the arbitration agreement incorporated the Construction Industry Arbitration Rules of the American Arbitration Association that grant the arbitrator the power to rule on his or her own jurisdiction. The cases cited in *Ohio Patrolman's* recognize that Ohio law permits parties to incorporate into arbitration agreements a provision for the arbitrator to determine arbitrability. *See Belmont Cty. Sheriff*, 104 Ohio St.3d at 570. Because the parties did so here, the trial court did not err in concluding that the arbitrator should determine whether the release was mutual.

{¶19} Accordingly, Summit Construction's assignment of error is overruled.

III.

{¶20} Summit Construction's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
<u>CONCURS IN JUDGMENT ONLY, SAYING:</u>

{¶21} I concur in judgment only. The trial court correctly determined that Summit Construction's argument is merely a defense to the claims its opponent has made against it in arbitration. "In the absence of a specific agreement to the contrary, 'the question of arbitrability—whether a[n] . . . agreement creates a duty for the parties to arbitrate the particular [dispute]—is undeniably an issue for judicial determination.'" *Bachrach v. Cornwell Quality Tool Co.*, 9th Dist. No. 25444, 2011-Ohio-2498, at ¶ 5 (quoting *Acad. of Med. of Cincinnati v.*

*Aetna Health Inc.*, 108 Ohio St. 3d 185, 2006–Ohio–657, at ¶ 12). In this case, the parties to the contract agreed to adhere to the Construction Industry Arbitration Rules and Mediation Procedures of the American Arbitration Association. Those rules give the arbitrator the power to determine the scope of the arbitration clause. Thus, the parties specifically agreed to have an arbitrator determine the arbitrability of the dispute in the first instance. *See id*. For that reason, I concur that the judgment of the common pleas court should be affirmed.

CARR, P. J.
DISSENTS, SAYING:

{¶22} I respectfully dissent.

{¶23} As a preliminary matter, I note that this Court previously ruled that we have jurisdiction to address the merits of this appeal and I will not revisit that issue here.

{¶24} I do not agree with the majority's conclusion that the issues raised below by Summit Construction amount to a defense relating to the parties' underlying construction contract. When a dispute earlier arose out of the construction contract, the parties could have sought to resolve it pursuant to the broad arbitration provision contained therein. They chose instead to settle the matter outside of arbitration. That settlement resulted in a separate and distinct contract which included the purported release from future liability and which gives rise to the instant dispute. The parties' settlement agreement is outside the scope of the underlying construction contract. Summit Construction's declaratory judgment action here is more like an action to enforce the settlement agreement rather than a defense to a dispute arising out of the underlying construction contract. Accordingly, I would reverse the trial court's judgment and remand the matter for further proceedings.

APPEARANCES:

THOMAS M. SAXER, Attorney at Law, for Appellant.

ROBERT VALERIAN, Attorney at Law, for Appellee.