[Cite as *Copley-Fairlawn City School Dist. Bd. of Edn. v. Copley Teachers Assn.*, 2020-Ohio-4801.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

COPLEY-FAIRLAWN CITY SCHOOL
DISTRICT BOARD OF EDUCATION

    Appellant

    v.

COPLEY TEACHERS ASSOCIATION

    Appellee

C.A. No.     29404

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-12-5097

DECISION AND JOURNAL ENTRY

Dated: October 7, 2020

TEODOSIO, Presiding Judge.

{¶1} The Copley-Fairlawn City School District Board of Education appeals the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} This case arose from the evaluation of certain teachers in the Copley-Fairlawn City School District. The teachers in question are members of the Copley Teachers Association ("CTA"), the exclusive representative for the teachers as set forth in a collective bargaining agreement ("CBA") between the Copley-Fairlawn City School District Board of Education ("the Board") and the CTA. The CBA provides for teacher evaluations to be done in conformity with the Ohio Teacher Evaluation System ("OTES") framework as developed and approved by the Ohio State Board of Education.

{¶3} At issue are a number of OTES teacher evaluations for the 2017-2018 school year that included notations of the number of authorized absences by the teachers, including sick and

personal leave. The CTA filed a grievance alleging that the Board had violated, misinterpreted, or misapplied the CBA by including sick and personal leave data on the evaluations. The superintendent of the school district denied the grievance, and the CTA contacted the American Arbitration Association to proceed with arbitration as provided for in the CBA. The Board subsequently filed a complaint for declaratory judgment in the Summit County Court of Common Pleas, seeking a declaration that the grievance is not subject to arbitration under the CBA. The CTA responded by filing a petition to compel arbitration and to dismiss the declaratory judgment action. The trial court conducted a hearing and entered judgment dismissing the complaint and ordering that arbitration go forward. The Board now appeals, raising two assignments of error that have been reordered for the purposes of our analysis.

II.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN FINDING THAT THE INCLUSION OF ATTENDANCE DATA IN TEACHER EVALUATIONS IS A MATTER CONTAINED WITHIN THE STANDARD-BASED TEACHER EVALUATION SYSTEM AGREED TO BY APPELLANT AND APPELLEE IN THEIR COLLECTIVE BARGAINING AGREEMENT.

{¶4} In its second assignment of error, the Board argues that the trial court erred in finding that the inclusion of attendance data in teacher evaluations was a matter contained within the OTES agreed to by the parties in the CBA. We disagree.

{¶5} The question of whether an issue is referable under an arbitration agreement is a matter of contract interpretation. *Cook v. Community Health Partners*, 9th Dist. Lorain No. 13CA010520, 2015–Ohio–1075, ¶ 5, citing *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 488, 2006–Ohio–657, ¶ 11. Thus, the arbitrability of a claim is a question of law that we review de novo. *Murray v. David Moore Builders, Inc.*, 177 Ohio App.3d 62, 2008–

Ohio–2960, ¶ 7 (9th Dist.). Ohio has a "strong public policy favoring arbitration, which is consistent with federal law supporting arbitration." *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011–Ohio–5262, ¶ 18. "[W]hen deciding motions to compel arbitration, the proper focus is whether the parties actually agreed to arbitrate the issue, i.e., the scope of the arbitration clause, not the general policies of the arbitration statutes." *Id.* at ¶ 20. "Ohio courts recognize a presumption in favor of arbitration when a claim falls within the scope of an arbitration provision." *Id.* at ¶ 21. "[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Academy of Medicine of Cincinnati* at ¶ 14.

{¶6} The question of whether an issue is referable under an arbitration agreement is a matter of contract interpretation. *Cook* at ¶ 5, citing *Academy of Medicine of Cincinnati* at ¶ 11. "However, '[w]here the parties to a collective-bargaining agreement have clearly and unmistakably vested the arbitrator with the authority to decide the issue of arbitrability, the question of whether a matter is arbitrable is to be decided by the arbitrator.'" *Summit Constr. Co. v. L.L.F.J.A.O.*, 9th Dist. Summit No. 25621, 2012-Ohio-568, ¶ 13, quoting *Pappas v. Richmond Towers, L.L.C.*, 8th Dist. Cuyahoga No. 94558, 2011–Ohio–5249, ¶ 13, quoting *Belmont Cty. Sheriff v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 104 Ohio St.3d 568, 2004–Ohio–7106, syllabus. "Any doubt as to arbitrability of an issue should be resolved in favor of arbitration." *Id.*

{¶7} Article Three of the CBA provides: "If an issue of arbitrability is raised, the arbitrator shall first determine whether the grievance is arbitrable before deciding the merits of the case." On this basis alone the matter would have been correctly ordered to arbitration by the trial court. While the trial court's analysis on the issue of arbitrability was superfluous, it was also

premature because the issue of arbitrability was in fact reserved for the arbitrator to determine in the first instance.

{¶8} Therefore, the trial court's findings that "the Board agreed to limit or otherwise govern the inclusion of attendance data in teacher evaluations" and "that all matters contained within the Board's Standards-Based Teacher Evaluation System are grievable under the terms of the parties' CBA" are vacated as premature. However, the trial court's determinations to grant the petition to compel arbitration, to dismiss the declaratory judgment action, and to order the case to arbitration were correct for the reasons discussed above.

{¶9} The Board's second assignment of error is overruled.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN FINDING THAT THERE IS LANGUAGE CONTAINED IN THE COLLECTIVE BARGAINING AGREEMENT BETWEEN APPELLANT AND APPELLEE PURSUANT TO WHICH APPELLANT AGREED TO LIMIT OR OTHERWISE GOVERN THE INCLUSION OF ATTENDANCE DATA IN TEACHER EVALUATIONS.

{¶10} In its first assignment of error, the Board argues the trial court erred in finding that there is language contained in the CBA pursuant to which the Board agreed to limit or otherwise govern the inclusion of attendance data in teacher evaluations. Our resolution of the second assignment of error renders this assignment of error moot, and we therefore decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶11} The Board's second assignment of error is overruled. We decline to address the first assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JOHN E. BRITTON and GISELLE S. SPENCER, Attorneys at Law, for Appellant.

J. MICHAEL FISCHER, Attorney at Law, for Appellant.

KATHLEEN K. MCKINLEY and RACHEL M. REIGHT, Attorneys at Law, for Appellee.