OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, The Taylor Winfield Corporation, appeals the decision of the Mahoning County Court of Common Pleas that dismissed its complaint against Defendant-Appellee, Winner Steel, Inc., for a lack of jurisdiction. The sole reason the trial court dismissed the complaint is because it believed the issues in dispute were subject to an arbitration provision in a contract between the parties and that this is not a proper grounds for dismissal under Civ.R. 12(B)(1). However, courts of common pleas have original jurisdiction over most civil matters and that jurisdiction is not affected by the fact that certain issues are subject to arbitration. If there are issues in an action which are subject to arbitration, a party can move that the trial court stay trial and refer those issues to arbitration. This is the procedure which should have been followed in this case. The trial court's decision is reversed and this matter is remanded for further proceedings.
 {¶ 2} This case involves a contractual dispute between two parties. Taylor Winfield sold equipment, parts, and services to Winner Steel and believed that Winner Steel owed it $109,214.04. Taylor Winfield filed a complaint against Winner Steel in the Mahoning County Court of Common Pleas, seeking the money it felt it was owed.
 {¶ 3} Winner Steel moved to dismiss the complaint for a lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1), arguing that the trial court did not have jurisdiction over the parties' dispute because it was subject to arbitration pursuant to a contract. The trial court granted Winner's Steel's Civ.R. 12(B)(1) motion to dismiss and Taylor Winfield has timely appealed that decision.
 {¶ 4} In its sole assignment of error, Taylor Winfield argues:
 {¶ 5} "The trial court erred as a matter of law when it granted Defendant-Appellee's motion to dismiss for lack of subject matter jurisdiction."
 {¶ 6} In this case, Winner Steel sought, and the trial court granted, a dismissal under Civ.R. 12(B)(1), which allows a trial court to dismiss a claim for a lack of subject matter jurisdiction. The standard of review for a Civ.R. 12(B)(1) motion to dismiss is "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v.Spurlock (1989), 42 Ohio St.3d 77, 80. When making this determination, the trial court is not confined to the allegations of the complaint, but may consider material pertinent to that inquiry without converting the motion into one for summary judgment. Southgate Development Corp. v. Columbia GasTransmission Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus. If the trial court only considers the complaint and undisputed facts when ruling on the motion, then appellate review is limited to a determination of whether the facts are indeed undisputed and whether the trial court correctly applied the law.Wilkerson v. Howell Contrs., Inc., 163 Ohio App.3d 38, 43,2005-Ohio-4418. This review is de novo, so an appellate court must review the issues independently of the trial court's decision. Crestmont Cleveland Partnership v. Ohio Dept. ofHealth (2000), 139 Ohio App.3d 928, 936.
 {¶ 7} With certain exceptions, "the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the decisions of boards of county commissioners." R.C. 2305.01. None of the exceptions to this general rule, such as if the cause of action accrued in a different state, apply in this case. Furthermore, R.C. 2305.01 does not strip a court of common pleas of jurisdiction if a dispute is subject to arbitration. Accordingly, a court of common pleas has subject matter jurisdiction over a dispute, even if that dispute is subject to an arbitration agreement.
 {¶ 8} R.C. Chapter 2711, which deals with arbitration, supports this conclusion. That Chapter contemplates that a party may bring an action, even if the issues involved are subject to arbitration. For example, R.C. 2711.02(B) provides:
 {¶ 9} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 10} Thus, according to the explicit language in the Revised Code, if a court determines that the issues within an action are subject to arbitration, then, on application of one of the parties, it must stay proceedings pending arbitration.
 {¶ 11} Winner Steel argues that two cases support the trial court's decision to dismiss for a lack of subject matter jurisdiction. However, the first of those two cases, Didado v.Lamson Sessions Co. (1992), 81 Ohio App.3d 302, reaches the opposite conclusion. In that case, a trial court allowed a dispute to go to trial, even though it was subject to an arbitration clause and the defendant moved to either dismiss the case or refer it to arbitration. The Ninth District reversed the trial court's decision, but rather than granting the defendant's motion to dismiss, it remanded the case to the trial court "for an order referring the cause to arbitration in accordance with the agreement." Id. at 305. Thus, this case does not support Winner Steel's argument that the trial court acted correctly.
 {¶ 12} The other case Winner Steel cites, Department ofAdministrative Services v. Moody/Nolan Limited, Inc. (Dec. 12, 2000), 10th Dist. No. 00AP-336, also fails to support its argument. In that case, the parties had a contractual dispute and the plaintiff demanded arbitration. The defendants tried raising several defenses within the arbitration and the arbitrators decided that they had the authority to rule on these defenses. The plaintiff then filed an action in the trial court seeking declaratory relief and requesting that the trial court decide the legal defenses. The same day, the plaintiff moved to stay proceedings under R.C. 2711.02(B) pending arbitration. The trial court denied the motion to stay, held the arbitrators should decide the legal defenses, and dismissed the action.
 {¶ 13} The appellate court affirmed the trial court's decision to dismiss the complaint because "a court may sua sponte dismiss a case without notice where the claimant obviously cannot possibly prevail." When making this statement, the court cited toState ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.,72 Ohio St.3d 106, 108, 1995-Ohio-0251, which dealt with dismissals for failure to state a claim under Civ.R. 12(B)(6). Thus, Moody/Nolan also does not support Winner Steel's argument that a dismissal under Civ.R. 12(B)(1) is appropriate in this case.
 {¶ 14} In this case, the court of common pleas clearly has subject matter jurisdiction over the type of claim. The fact that the dispute may be subject to arbitration does not divest the trial court of that jurisdiction. Instead, the trial court should have stayed proceedings pending arbitration upon a proper motion under R.C. 2711.02(B).
 {¶ 15} Recognizing that we may reach this conclusion, Winner Steel has asked that we remand the case with instructions to refer the case to arbitration. We must deny that request. In order to order that a dispute be referred to arbitration, a party must make a motion for that relief and satisfy the trial court that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration. Such a motion has not been made in this case and the trial court has not had the opportunity to make such a determination at this time.
 {¶ 16} Accordingly, the judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings.
Donofrio, P.J., concurs.
Vukovich, J., concurs.