[Cite as *Anglin v. Donohoo*, 2018-Ohio-4484.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| CALINDA ANGLIN, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-05-025 |
| | : | O P I N I O N |
| - vs - | | 11/5/2018 |
| | : | |
| DOUGLAS L. DONOHOO, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018-CVA-00101


Bingham Greenebaum Doll LLP, Richard Boydston, 255 East Fifth Street, Suite 2350, Cincinnati, Ohio 45202, for plaintiff-appellee

Reminger Co., LPA, Vincent P. Antaki, 525 Vine Street, Suite 1700, Cincinnati, Ohio 45202, for defendants-appellants


**HENDRICKSON, J.**

{¶ 1} Defendant-appellants, Douglas L. Donohoo and Douglas L. Donohoo, CPA LTD (collectively "appellants"), appeal from the decision of the Clermont County Court of Common Pleas denying their motion to dismiss the complaint of plaintiff-appellee, Calinda Anglin. For the reasons set forth below, we dismiss the appeal for lack of a final appealable order.

{¶ 2} On August 9, 2017, Anglin, individually, as Executor of the Estate of Barbara J.

Smuland, and as Trustee under the Barbara J. Smuland Declaration of Trust, filed a complaint against appellants in the Hamilton County Court of Common Pleas, asserting claims for breach of contract and fraud. In her complaint, Anglin alleged that she is the daughter of Smuland, who died on August 12, 2015, and that on January 25, 2016, in her role as executrix of Smuland's estate, she retained Donohoo to prepare IRS Form 706 for the estate. The terms of the retention were "purportedly set forth in * * * letter[s] signed by Donohoo and Plaintiff." These letters of engagement were not attached to the complaint.

{¶ 3} Anglin's complaint further alleged that she signed the letters of engagement individually and not in her capacity as executrix or as trustee. Anglin claimed that Donohoo did not disclose to her that he had not previously prepared an IRS Form 706 for an estate. Anglin also alleged that although Donohoo never performed any material work with regard to the form for Smuland's estate, he prepared six invoices for services and expenses totaling $393,724.85, and Anglin paid those invoices. On August 19, 2016, Anglin notified Donohoo she did not want him to perform any further services regarding preparation of IRS Form 706 and, through her legal counsel, requested Donohoo return all documents concerning the estate and trust to her counsel. Donohoo refused to do so. Anglin claimed she suffered damages in excess of $400,000 as a result of appellants' breach of contract and fraudulent representations.

{¶ 4} On August 22, 2017, Anglin issued discovery requests to appellants. On September 12, 2017, appellants filed a motion to dismiss the complaint or, alternatively to transfer venue to Clermont County. Appellants then filed a motion to stay Anglin's discovery pending a ruling on the motion to dismiss or change venue. The Hamilton County Court of Common Pleas granted appellants' motion EDto stay discovery. Thereafter, the Hamilton County Court of Common Pleas granted appellants' motion to change venue and the case was transferred to the Clermont County Court of Common Pleas on January 18, 2018.

{¶ 5} Eighteen days later, on February 5, 2018, appellants filed a motion to dismiss Anglin's complaint pursuant to Civ.R. 12(B)(6) and 10(D)(1). Appellants noted that Anglin neglected to attach the letters of engagement to her complaint as required by Civ.R. 10(D)(1) and argued that the failure to fulfill this requirement should result in dismissal. Alternatively, appellants argued that the court should consider the letters of engagement, which it attached to its motion to dismiss, as the trial court could "review documents that were incorporated into the complaint, even if not attached to the complaint" without converting the motion to dismiss to a motion for summary judgment. Appellants contended that Anglin could not state a claim upon which relief could be granted as her breach of contract and fraud claims were barred by the one-year statute of limitations expressed in the engagement letters. Finally, appellants argued that if the one-year statute of limitations did not apply, Anglin's complaint should "still be dismissed based on the arbitration clause" set forth in the letters of engagement. Anglin filed a memorandum in opposition to appellants' motion to dismiss.

{¶ 6} On April 6, 2018, the trial court denied appellants' motion to dismiss, finding that the remedy for noncompliance with Civ.R. 10(D)(1) was not dismissal but rather for the opposing party to move for a more definitive statement in accordance with Civ.R. 12(E). As for appellants' Civ.R. 12(B)(6) argument, the trial court noted that it could "look only to the four corners of the complaint" and that the letters of engagement were not included in the initial filing of the complaint. The court stated that for it to consider the letters of engagement attached to appellants' motion to dismiss, it would have to convert the motion to a Civ.R. 56 motion for summary judgment. The court declined to do so, stating:

> At this very preliminary point in the proceedings, the Court is not willing to consider the Engagement Letters the [appellants'] attached to their memorandum as it pertains to this issue. Further, it is not willing to convert the Motion from a 12(B)(6) motion to dismiss to a summary judgment motion under Civ.R. 56. Anglin initiated discovery while the case was pending in Hamilton County. It would be reasonable to conclude that if the

Court converted the Motion to a summary judgment motion, she would request additional time to pursue discovery as permitted by Civ.R. 56(F). The Court finds that the more reasonable course is to permit the parties to fully explore the facts at issue by way of discovery. Any party could then file a dispositive motion thereafter.

Therefore, as the court was not considering the letters of engagement, the court found that a four-year statute of limitations applied to Anglin's claims and her claims were not time-barred.

{¶ 7} As for appellants' claim that the complaint should be dismissed because the letters of engagement require that any dispute between the parties be submitted to arbitration, the trial court found that appellants' arguments were better suited to a Civ.R. 12(B)(1) motion to dismiss for lack of jurisdiction over the subject matter. After recasting appellants' motion as a Civ.R. 12(B)(1) motion, the court found that it could consider the letters of engagement in determining its jurisdiction. The court considered the arbitration provision set forth in the letters of engagement but determined that appellants had waived any right to arbitrate the dispute by failing to timely assert the arbitration clause and by participating in the litigation by moving to dismiss, change venue, and stay Anglin's discovery.

{¶ 8} Appellants appealed the denial of their motion to dismiss, raising two assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN DENYING THE CIV.R. 12(B)(6) MOTION TO DISMISS OF APPELLANT[S] DOUGLAS L. DONOHOO AND DOUGLASS L. DONOHOO, CPA LTD.

{¶ 11} In their first assignment of error, appellants argue the trial court erred in denying their Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Appellants maintain that the court could have considered the letters of engagement without converting the motion to dismiss to a motion for summary judgment and

- 4 -

further argue that Anglin's claims were time-barred as the claims fall outside the one-year statute of limitations set forth in the letters.

{¶ 12} Before addressing the merits of appellants' assignment of error, we must first determine whether the judgment entry denying appellants' Civ.R. 12(B)(6) motion to dismiss is a final appealable order. "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶ 13} Section (3)(B)(2), Article IV of the Ohio Constitution provides that appellate courts have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5; *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 15.

{¶ 14} R.C. 2505.02(B) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of [the orders set forth in R.C. 2505.02(B)(1)-(7)]." The Ohio Supreme Court has recognized that "'[g]enerally, an order denying a motion to dismiss is not a final appealable order.' * * * The reason is that a motion to dismiss is a procedural mechanism that tests the sufficiency of the allegations in the complaint." *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, ¶ 8, quoting *Polikoff v. Adam*, 67 Ohio St.3d 100, 103 (1993). "'[T]he reasons for which the dismissal was sought continue undisturbed to the final judgment, permitting prosecution of the error, if any, on the final judgment.'" *In re R.A.W.*, 10th Dist. Franklin No. 11AP-1072, 2012-Ohio-4832, ¶ 12, quoting *Haskins v. Haskins*, 104 Ohio App.3d 58, 61 (2d Dist.1995). Thus, "an order denying a motion to dismiss does not determine the action as the merits 'have yet to be addressed.'" *Rigsby v. Albright*, 10th Dist.

Franklin No. 10AP-288, 2010-Ohio-5630, ¶ 8, quoting *Ferrell v. Standard Oil Co.*, 11 Ohio St.3d 169, 171 (1984).

{¶ 15} The same is true where a party seeks to appeal the denial of a motion to dismiss based upon a statute-of-limitations argument. *See Casey v. Reidy*, 180 Ohio App.3d 615, 2009-Ohio-415, ¶ 48-52 (7th Dist.); *Hughes v. Zordich*, 7th Dist. Mahoning No. 99 CA 167, 2001 Ohio App. LEXIS 1913, *3-5 (Apr. 25, 2001). Such a ruling does not determine the action or prevent a judgment as appellants still have the opportunity to prevail at trial on the merits of the case. *See id.* at *4-5. Appellants also have the opportunity to advance their arguments by filing a motion for summary judgment. See *Reidy* at ¶ 51.

{¶ 16} We recognize that the trial court in this case added Civ.R. 54(B) language to its judgment entry denying appellants' motion to dismiss, indicating there was "no just cause for delay." However, "the mere addition of Civ.R. 54(B) language to what is not a final order does not transform that entry into a final appealable order." *Sason v. Shepherd*, 11th Dist. Lake No. 2007-L-199, 2008-Ohio-173, ¶ 3, citing *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993). *See also Baruk v. Heritage Club Homeowners' Assn.*, 12th Dist. Warren CA2013-09-086, 2014-Ohio-1585, ¶ 30. Consequently, the trial court's invocation of the Civ.R. 54(B) language does not convert the court's judgment denying appellants' Civ.R. 12(B)(6) motion to dismiss into a final appealable order.

{¶ 17} Accordingly, for the reasons set forth above, we conclude that we lack jurisdiction to consider the trial court's denial of appellants' Civ.R. 12(B)(6) motion to dismiss as the court's judgment does not constitute a final appealable order. We therefore dismiss this portion of appellants' appeal for lack of a final appealable order.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS WAIVED THE RIGHT TO ARBITRATION BY FILING A MOTION TO CHANGE VENUE OR DISMISS.

{¶ 20} In their second assignment of error, appellants argue the trial court erred when it denied their Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction after concluding that appellants waived their right to enforce the arbitration provision set forth in the letters of engagement by failing to timely assert the arbitration clause and by participating in the litigation.

{¶ 21} Once again, we begin our analysis with a determination of whether the denial of appellants' motion to dismiss on the basis of an arbitration provision constitutes a final appealable order.

{¶ 22} As we have previously recognized, "while an order granting or denying a motion to stay a lawsuit pending arbitration, generally, is final and appealable, R.C. 2711.02(C), an order denying a motion to dismiss a complaint for lack of subject matter jurisdiction, generally, is not." *Anderson v. Lofton*, 12th Dist. Warren No. CA2014-08-108, 2015-Ohio-1603, ¶ 15, fn. 3, citing *Cantie v. Hillside Plaza*, 8th Dist. Cuyahoga No. 99850, 2014-Ohio-822, ¶ 24. *See also Davis v. Beggs*, 10th Dist. Franklin No. 08AP-432, 2008-Ohio-6311, ¶ 6 (holding that "a denial of a motion to dismiss based upon an arbitration provision is not a final, appealable order"). The reason is because, even if the parties' dispute is subject to arbitration, a trial court has not been divested of subject matter jurisdiction over the controversy. *Lofton* at ¶ 15, fn. 3, citing *Pappas v. Richmond Towers, LLC*, 8th Dist. Cuyahoga No. 94558, 2011-Ohio-5249, ¶ 8-17.

{¶ 23} With certain exceptions, "the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the decisions of boards of county commissioners." R.C. 2305.01. None of the exceptions to this general rule apply in this case. "Furthermore, R.C. 2305.01 does not strip a court of common pleas of jurisdiction if a dispute is subject to arbitration. Accordingly, a court of common pleas has subject matter

jurisdiction over a dispute, even if that dispute is subject to an arbitration agreement." *Taylor Winfield Corp. v. Winner Steel, Inc.*, 7th Dist. Mahoning No. 05 MA 191, 2006-Ohio-4608, ¶ 7.

**{¶ 24}** R.C. Chapter 2711, which deals with arbitration, supports this conclusion. Pursuant to this Chapter, a party may bring an action, even if the issues involved are subject to arbitration. For example, R.C. 2711.02(B) provides that

> [i]f any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall *on application of one of the parties* stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

(Emphasis added.) Therefore, "according to the explicit language in the Revised Code, if a court determines that the issues within an action are subject to arbitration, then, *on application of one of the parties*, it must stay proceedings pending arbitration" unless the court finds the applicant is in default in proceeding with arbitration. (Emphasis added.) *Taylor Winfield Corp.* at ¶ 10.

**{¶ 25}** In the present case, appellants filed a motion to dismiss the complaint on the basis of the arbitration clause. Appellants did not file a motion seeking to stay proceedings pending arbitration under R.C. 2711.02(B).[1] The trial court also did not construe appellants'

---

1. Compare the circumstances in the present case to those in *Anderson v. Lofton*, 12th Dist. Warren No. CA2014-08-108, 2015-Ohio-1603; and *Davis v. Beggs*, 10th Dist. Franklin No. 08AP-432, 2008-Ohio-6311. In both *Lofton* and *Beggs*, the defendants filed motions to stay the lawsuits pending arbitration in addition to motions to dismiss under Civ.R. 12(B)(1). On appeal, both the Twelfth District and the Tenth District noted that the appellate court lacked jurisdiction to review the denial of the motion to dismiss as the denial of a motion to dismiss based upon an arbitration provision was not a final appealable order. *Lofton* at ¶ 15, fn. 3; *Beggs* at ¶ 6. However, both appellate courts exercised jurisdiction to review the denial of the motion to stay pending arbitration, noting that R.C. 2711.02(C) specifically provides that an order that grants or denies a stay of a trial of any action pending arbitration is a final order and may be reviewed, affirmed, modified, or reversed on appeal. *Beggs* at ¶ 7; *Lofton* at ¶ 15, fn. 3. Unlike in *Beggs* and *Lofton*, appellants did not file a motion to stay pending arbitration in addition to their motion to dismiss.

motion as one requesting a stay pending arbitration. As appellants did not move to stay proceedings pending arbitration we cannot exercise jurisdiction under R.C. 2711.02(C) to review the court's decision finding a waiver of the right to arbitration. R.C. 2711.02(C) specifically provides that

> [e]xcept as provided in division (D) of this section [dealing with commercial construction contracts], *an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration,* including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

(Emphasis added.) As R.C. 2711.02(C) clearly provides that an application for a stay pending arbitration must be filed and ruled upon before an appeal may be taken and no such motion was filed or ruled upon in this case, we find that there is no final appealable order. Consequently, until a proper motion is filed and ruled upon by the trial court, we lack jurisdiction to review the trial court's determination that appellants waived their right to arbitration by failing to timely assert the arbitration clause and by participating in the litigation.

{¶ 26} Accordingly, for the reasons stated above, we find that we lack jurisdiction to consider the trial court's denial of appellants' Civ.R. 12(B)(1) motion to dismiss, which included a determination that appellants waived their right to arbitration, as the court's judgment does not constitute a final appealable order. Therefore, this portion of appellants' appeal is also dismissed for lack of a final appealable order.

{¶ 27} Appeal dismissed.

S. POWELL, P.J., and M. POWELL, J., concur.