[Cite as *Digonna v. Hamilton*, 2019-Ohio-2273.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| NICHOLAS J. DIGONNO, | : | |
| Appellant, | : | CASE NO. CA2018-08-168 |
| | : | O P I N I O N |
| - vs - | | 6/10/2019 |
| | : | |
| CITY OF HAMILTON, | : | |
| Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2018-04-0836


Millikin & Fitton Law Firm, Thomas A. Dierling, 9032 Union Centre Boulevard, Suite 200, West Chester, Ohio 45069, for appellee

David T. Davidson, 2 South 3rd Street, Suite 301, Hamilton, Ohio 45011, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Nicholas J. Digonno, appeals from a decision of the Butler County Court of Common Pleas dismissing his administrative appeal for lack of jurisdiction. For the reasons set forth below, we affirm the court's decision.

{¶ 2} Appellant was notified in the fall of 2017 that the property he owned at 1203 Edison Avenue in Hamilton, Ohio had been declared a public nuisance by the city of

Hamilton's Public Health Commissioner, in accordance with Hamilton Municipal Ordinance 1767.03. In November 2017, appellant appealed this determination to the city's Nuisance Appeals Board (hereafter, "the Board").

{¶ 3} The Board heard appellant's appeal on January 11, 2018, and ultimately denied the appeal. The Board's decision was set forth in writing on March 7, 2018, and was sent to appellant by ordinary mail.

{¶ 4} On April 11, 2018, appellant appealed the Board's decision by filing a notice of appeal with the common pleas court. The notice of appeal was sent by the clerk of courts to the Board by certified mail on April 17, 2018, and was received by the Board on April 25, 2018.

{¶ 5} The Board filed a motion to dismiss appellant's appeal pursuant to Civ.R. 12(B)(1) on the basis that appellant failed to perfect his administrative appeal within the 30-day timeframe set forth in R.C. 2505.07. The Board argued appellant's failure to properly perfect the appeal denied the common pleas court of subject-matter jurisdiction. In support of its motion, the Board attached as exhibits copies of clerk of court's certified mailing of the notice of appeal to the Board.

{¶ 6} Appellant filed a memorandum in opposition to the Board's motion to dismiss, arguing he had not received the Board's March 7, 2018 decision until April 11, 2018. Appellant stated that immediately upon receipt of the decision, he filed his notice of appeal with the common pleas court. Appellant argued he was unable to simultaneously serve the notice of appeal on the Board as the Board had not provided any "information as to [its] physical address." In support of his argument, appellant attached his own affidavit, in which he averred, in relevant part, that the Board's March 7, 2018 decision was

> uninformative * * * to anyone wishing to appeal the [d]ecision.
> First and foremost, there is no address for the Board, nor does
> the decision state a date of the hearing. Further the [d]ecision

- 2 -

does not * * * state any language about the right to appeal the [d]ecision, the length of time one would have to appeal the [d]ecision, [or] the process of how to appeal the Board's decision.

Appellant also attached the envelope in which the Board's March 7, 2018 decision was mailed. This envelope set forth a return address of 345 High Street, Hamilton, Ohio 45011 and contained two different date stamps. The first date stamp, March 8, 2018, was from the city's postage meter. The second date stamp, March 12, 2018, was from the United States Postal Service.

{¶ 7} The Board filed a memorandum in response, in which it stated that its March 7, 2018 decision had been mailed on March 8, 2018 to the address appellant had provided to the Board. The Board argued appellant's claim that he did not know where to deliver the notice of appeal filed in the common pleas court was "simply not credible" as appellant had previously filed his November 2017 appeal with the Board by mailing it to the Board's address. Attached to the Board's memorandum was appellant's November 2017 appeal and the envelope the appeal had been sent in, both of which set forth an address of 345 High Street, 3rd Floor Suite 330, Hamilton, Ohio 45011, as well as an affidavit from Tami Rose, the individual responsible for mailing the Board's decisions. Rose averred that she mailed the Board's March 7, 2018 decision to appellant on March 8, 2018.

{¶ 8} On July 31, 2018, the common pleas court granted the Board's motion to dismiss, concluding that it lacked jurisdiction over the appeal as appellant failed to perfect his appeal within the 30-day timeframe set forth in R.C. 2505.07. The court determined that the Board's "final order * * * was entered on March 8, 2018 when it was mailed to [appellant] by ordinary mail" and that the appeal had not been perfected until April 25, 2018, the date the Board received the notice of appeal by certified mail from the clerk of courts.

{¶ 9} Appellant appealed the common pleas court's decision, raising two

assignments of error. As the assignments of error are related, we will address them together.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION UNDER CIV.R. 12(B)(1).

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED IN FINDING THAT THE DATE THE APPEAL WAS PERFECTED WAS THE DATE APPELLEE RECEIVED NOTICE FROM THE CLERK OF COURTS.

{¶ 14} In his assignments of error, appellant argues the common pleas court erred by granting the Board's motion to dismiss. Specifically, appellant argues in his first assignment of error that the court erred when it considered the documents attached to the Board's motion to dismiss and his memorandum in opposition without first converting the motion to dismiss into a motion for summary judgement. Appellant contends that under the standard set forth in Civ.R. 56(C), summary judgment in favor of the Board is improper as a genuine issue of material fact exists as to whether the Board's decision was mailed to him on March 8, 2018 or was mailed on March 12, 2018. Appellant then argues, in his second assignment of error, that the trial court erred when it found that his appeal had not been perfected until April 25, 2018, the date the Board received the notice of appeal by certified mail. Appellant contends filing his appeal in the court of common pleas on April 11, 2018 was sufficient to perfect the appeal and invoke the court's jurisdiction under R.C. 2505.04.

{¶ 15} "'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency of a court to render a valid judgment in a particular action.'" *Cheap Escape Co. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, ¶ 6, quoting *Morrison v. Steiner*, 32 Ohio St. 2d 86, 87 (1972). Because a court without subject-matter jurisdiction lacks the power to adjudicate the merits of a case, a party

may challenge jurisdiction at any time during the proceedings. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11.

{¶ 16} We review the common pleas court's decision to dismiss appellant's appeal for lack of subject-matter jurisdiction under a de novo standard of review. *Turner v. Tri-County Baptist Church of Cincinnati*, 12th Dist. Butler No. CA2018-03-050, 2018-Ohio-4658, ¶ 11. In making a determination regarding subject-matter jurisdiction, the trial court is not restricted to the pleadings and "may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus. *See also Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 111 (1990), fn. 3 ("[a] trial court has authority to consider any pertinent evidentiary materials when determining its own jurisdiction"). Accordingly, we find that the common pleas court was not required to convert the Board's motion into one for summary judgment and was permitted to consider the exhibits attached to the Board's motion to dismiss and appellant's memorandum in opposition in determining whether it had subject-matter jurisdiction over the appeal. Appellant's first assignment of error is, therefore, overruled.

{¶ 17} Article IV, Section 4(B) of the Ohio Constitution provides that "[t]he courts of common pleas * * * shall have * * * such powers of review of proceedings of administrative officers and agencies as may be provided by law." Pursuant to this authority, the General Assembly enacted R.C. 2506.01, which provides in pertinent part as follows:

> Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code.

R.C. 2506.01(A).

{¶ 18} Although R.C. 2506.01 provides a party with the right to appeal a decision of an administrative board, a common pleas court does not acquire subject-matter jurisdiction over the appeal "unless and until the appeal is perfected." *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, ¶ 17. "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14. R.C. 2505.04 governs the manner in which an administrative appeal is perfected, and it provides in relevant part as follows:

> *An appeal is perfected when a written notice of appeal is filed*, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, *in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.*

(Emphasis added.) Pursuant to R.C. 2505.07, "[a]fter the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, *the period of time within which the appeal shall be perfected*, unless otherwise provided by law, *is thirty days.*" (Emphasis added.)

{¶ 19} In the present case, the Board rendered its final order in a decision dated March 7, 2018, and the decision was subsequently sent to appellant by ordinary mail. When an administrative board renders a final order in writing and sends the order by ordinary mail, the timeframe to perfect an appeal under R.C. 2505.04 commences on the date the final order was sent. *See Farinacci v. Twinsburg*, 14 Ohio App.3d 20, 21 (9th Dist.1984); *Cornacchione v. Akron Bd. of Zoning Appeals*, 118 Ohio App.3d 388, 392 (9th Dist.1997); *601 Properties, Inc. v. Dayton*, 2d Dist. Montgomery No. 11620, 1990 Ohio App. LEXIS 96,

*7-8 (Jan. 19, 1990); *Gardner v. Ohio Veterinary Med. Licensing Bd.*, 12th Dist. Clinton No. CA2002-05-026, 2002-Ohio-6682, ¶ 13. *See also* Hamilton Municipal Ordinance 1705.26(g)(5) ("For the purpose of appeal pursuant to Ohio Revised Code Chapter 2506, the final order shall be deemed to have been entered on the date on which a copy of the decision was mailed").

{¶ 20} Appellant urges this court to use the United States Postal Service's March 12, 2018 date stamp, rather than the city's March 8, 2018 postage-meter stamp, as the date when Board's decision was sent. We find that regardless of which date is used – March 8, 2018 or the later date of March 12, 2018 – appellant's appeal was not timely perfected, as it was not *received* by the Board until April 25, 2018.

{¶ 21} The Ohio Supreme Court has held that an "appeal is perfected pursuant to R.C. 2505.04 when a party files a notice of appeal with the clerk of courts with instructions to serve a copy of the complaint and notice of the appeal on the administrative agency *and the agency is served and receives the notice of the appeal within the time period set forth in in R.C. 2505.07*." (Emphasis added.) *Welsh*, 2011-Ohio-1604 at ¶ 1. The express language of R.C. 2505.04 requires a notice of appeal be filed with the administrative board involved, and "[f]iling does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07." *Id.* at ¶ 39. Furthermore, as the supreme court explained in *Welsh*,

> [p]ractitioners should not be confused or think that filing under R.C. 2505.04 is accomplished only if the clerk of courts serves upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas. The administrative agency must still receive the appropriate complaint and notice within 30 days after the entry of the final administrative order.

*Id.* at ¶ 40.

{¶ 22} Therefore, even if the United States Postal Service's March 12, 2018 date-stamp is used as the date the Board's final order was entered, appellant still failed to perfect

his appeal as the 30-day timeframe prescribed by R.C. 2505.07 expired on April 11, 2018. The Board did not receive appellant's administrative appeal until April 25, 2018. As the appeal was not perfected within the time constraints of R.C. 2505.07, the common pleas court's jurisdiction was not properly invoked. *See, e.g., Yeager v. Mansfield*, 5th Dist. Richland No. 2011 CA 0085, 2012-Ohio-2908, ¶ 27-29.

{¶ 23} Appellant argues his ability to serve the notice of appeal on the Board within the 30-day timeframe set forth in R.C. 2505.07 was "complicate[d]" by the fact that the Board's March 7, 2018 decision did not provide him with an address or instructions on where or how to serve the notice of appeal. Appellant's arguments are without merit, as the Board's written decision was sent in an envelope containing a return address of 345 High Street, Hamilton, Ohio 45011. This address was subsequently used by the clerk of courts for service of the notice of appeal on the Board. As appellant was in possession of the envelope the Board's March 7, 2017 decision was mailed in, he clearly had notice of where to serve the Board to perfect his appeal.

{¶ 24} Accordingly, for the reasons stated above, we find that appellant failed to perfect his administrative appeal within the 30-day timeframe required by R.C. 2505.07. As a result, appellant failed to properly invoke the jurisdiction of the common pleas court. The common pleas court, therefore, did not err in granting the Board's motion to dismiss for lack of subject-matter jurisdiction. Appellant's second assignment of error is overruled.

{¶ 25} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.