[Cite as *Raney v. Weather Safe Exteriors, Inc.*, 2021-Ohio-999.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

|  |  |  |
|---|---|---|
| STEVEN RANEY, et al., | : | |
| Appellees, | : | CASE NO. CA2020-08-014 |
| | : | O P I N I O N |
| - vs - | | 3/29/2021 |
| | : | |
| WEATHER SAFE EXTERIORS, INC., et al., | : | |
| | : | |
| Appellants. | : | |

CIVIL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 20-CV-031982

Siemann Law Office, Serah E. Siemann, 130 West Second Street, Suite 460, Dayton, Ohio 45402, for appellees

Gregory M. Gantt Co., L.P.A., Gregory M. Gantt, Erik R. Blaine, 130 West Second Street, Suite 310, Dayton, Ohio 45402, for appellants

**HENDRICKSON, J.**

{¶1} Appellants, Weather Safe Exteriors Inc., Weather Safe Exterior LLC, and Michael Wellmeier, appeal the decision of the Preble County Court of Common Pleas denying their motion to dismiss. For the reasons discussed below, we dismiss the appeal for lack of a final appealable order.

{¶2} In April 2020, appellees, Steven and Cathy Raney, filed a complaint against

appellants for breach of contract, conversion, violation of the Ohio Consumer Sales Practices Act, and violation of the Ohio Home Solicitation Sales Act. Based on the pleadings, the factual background is that the parties entered into a construction and restoration services contract. Appellants agreed to repair the roof of appellees' home. In a supplemental contract, appellants further agreed to replace windows, gutters, and siding on appellees' house. In June 2019, appellees contacted appellants alleging inferior quality of the workmanship performed under the supplemental contract. The parties were not able to timely resolve these issues between them, so appellees hired a third party in September 2019 to correct the disputed workmanship provided by appellants' installers.

{¶3} Appellants were served with the complaint in June 2020. Appellants moved to dismiss the complaint in August 2020 based on an arbitration clause in the parties' underlying contract.[1] Appellants attached a copy of the contract to their motion to dismiss. The arbitration clause is found in paragraph 10 of the contract and sets forth the following

> Arbitration - All claims and disputes relating to this contract shall be subject to arbitration at the option of either the Owner or Weather Safe Exterior in accordance with the Arbitration Rules of the American Arbitration Association for the construction industry in effect at the time of the arbitration. Written notice or demand for arbitration shall be filed with the other party to the contract and with the American Arbitration Association, within a reasonable time after the dispute has arisen.

{¶4} The trial court ordered the parties to file supplemental memoranda on the issue. Appellants filed their memorandum, which merely reiterated their arguments from the initial motion, and appellees responded. In their response, appellees argued that the trial court should not dismiss the complaint and alternatively argued that if the trial court found merit in appellants' motion it should stay the action pursuant to R.C. 2711.02.

---

1. Appellants filed their motion to dismiss after the expiration of the Ohio Supreme Court's March 27, 2020 order tolling the time requirements of the rules of civil procedure. The supreme court's order was issued in response to the COVID-19 pandemic.

{¶5} In August 2020, the trial court denied the motion to dismiss. The trial court did not construe the motion as a request to stay proceedings pursuant to R.C. 2711.02(B). However, the trial court determined that arbitration was not the "exclusive remedy" for dispute resolution in the contract and appellants had failed to request arbitration in writing within a reasonable time as required by the arbitration clause. The trial court determined that appellants delay in requesting arbitration was unreasonable because appellants knew of a potential dispute as early as June 2019 and had not provided a notice or a demand for arbitration in the time between June 2019 and the service of the complaint in June 2020. Because the trial court resolved the motion to dismiss in appellees' favor, appellees' alternative argument to stay the action pursuant to R.C. 2711.02 became moot and was not addressed.

{¶6} Appellants now appeal and assign two errors for review. For ease of discussion, we will consider both assignments of error together.

{¶7} Assignment of Error No. 1:

{¶8} THE TRIAL COURT ERRED BY FINDING THAT A SEPARATE WRITTEN NOTICE OF INTENT TO ARBITRATE WAS A CONDITION PRECEDENT TO STAYING THE LITIGATION PENDING CONTRACTUAL ARBITRATION.

{¶9} Assignment of Error No. 2:

{¶10} THE TRIAL COURT ERRED WHEN IT DETERMINED THAT WEATHER SAFE WAIVED THE CONTRACTUAL RIGHT TO ARBITRATE AFTER ONLY SEVEN MONTHS HAD ELAPSED FROM THE DISPUTE TO THE FILING OF THE LAWSUIT.

{¶11} In their first assignment of error, appellants challenge the trial court's determination that there was no contractual right to arbitrate because appellants failed to give written notice of an intent to arbitrate before filing the motion to dismiss. In support, appellants contend that R.C. 2711.02 does not require a party to initiate arbitration before

seeking a stay of proceedings. In their second assignment of error, appellants argue that the trial court erred finding that they waived the right to arbitrate.

{¶12} Arbitration is an encouraged method of dispute resolution, and there exists a presumption in favor of arbitration when the disputed issue is subject to an arbitration provision. *Rinderle v. Whispering Pines Health Care Ctr.*, 12th Dist. Fayette No. CA2007-12-041, 2008-Ohio-4168, ¶ 15. The General Assembly has provided for arbitration in R.C. Chapter 2711. *See ABM Farms v. Woods*, 81 Ohio St.3d 498, 500 (1998). Specifically, R.C. 2711.01(A) provides that a

> provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

The Revised Code provides two methods by which a party may enforce the arbitration provision in the face of pending litigation. "A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes." *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, ¶ 18. To grant the stay of proceedings pursuant to R.C. 2711.02(B), the trial court must determine whether the issue involved in the action is "referable" to arbitration under an agreement and that the applicant for the stay is not in default of proceeding with the arbitration. *See also McGuffey v. LensCrafters, Inc.*, 141 Ohio App.3d 44, 51 (12th Dist.2001). Once these conditions are met, a stay in proceedings is required by R.C. 2711.02. *Capital One Bank (USA), NA v. Collins*, 12th Dist. Butler No. CA2011-05-090, 2011-Ohio-6533, ¶ 12.

{¶13} With that in mind, there is a threshold jurisdictional issue to address in this

matter. That is, whether the order appealed from is a final, appealable order. There must be a final order for this court to have jurisdiction to hear the appeal. *Anglin v. Donohoo*, 12th Dist. Clermont No. CA2018-05-025, 2018-Ohio-4484, ¶ 12, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). R.C. 2711.02(C) provides that an order that grants or denies a stay of proceedings based upon arbitration is a final order subject to appeal. However, the denial of a motion to dismiss based upon an arbitration provision is not a final, appealable order because dismissal of a claim allegedly subject to arbitration is not a remedy authorized by R.C. Chapter 2711. *John R. Davis Trust 8/12/05 v. Beggs*, 10th Dist. Franklin No. 08AP-432, 2008-Ohio-6311, ¶ 6; *accord Anglin* at ¶ 25.

{¶14} As this court previously explained in *Anglin*,

> [a]ppellants did not file a motion seeking to stay proceedings pending arbitration under R.C. 2711.02(B). The trial court also did not construe appellants' motion as one requesting a stay pending arbitration. As appellants did not move to stay proceedings pending arbitration we cannot exercise jurisdiction under R.C. 2711.02(C) to review the court's decision finding a waiver of the right to arbitration.

(footnote omitted.) *Id.*, 2018-Ohio-4484 at ¶ 25. The same is true in the instant matter. Appellants moved to dismiss the complaint but did not otherwise move for a stay of proceedings pursuant to R.C. 2711.02 or to compel arbitration pursuant to R.C. 2711.03. In their motion, appellants asserted the following

> Now comes, Defendants, by and through counsel, and without submitting to the jurisdiction of this Court, does pray this Court to dismiss this matter. The parties entered into a contract, copy attached hereto as Exhibit A, wherein it was specifically provided that any and all claims and disputes relating to this contract were to be dealt with through arbitration pursuant to section 10. This matter has not been through arbitration and is not ripe for a decision or action before this Honorable Court and Defendants are formally requesting such resolution.

Although appellants did not refer to a specific Civ.R. 12(B) subsection as grounds for the dismissal, based on the language used, we construe it as a motion to dismiss for lack of

subject matter jurisdiction pursuant to Civ.R. 12(B)(1).[2]  In ruling on the motion, the trial court confined its decision to the issue of dismissal.  The trial court did not address R.C. 2711.02(B) and did not construe the motion as a request to stay proceedings.  Following *Anglin*, we hold that the trial court's denial of the motion to dismiss was not a final, appealable order.  Accordingly, the appeal must be dismissed for the reason that this court lacks jurisdiction.

{¶15}  Appeal dismissed.

M. POWELL, P.J., and BYRNE, J., concur.

---

2.  Even if we construe appellants' motion as one made pursuant to Civ.R. 12(B)(6), a denial of that type of motion is also not a final appealable order.  *Anglin*, 2018-Ohio-4484 at ¶ 16-17.